Mr. Chief Justice Marshall
 

 delivered the opinion of the Court.
 

 ' This is ,a writ of error to a judgment rendered by the Circuit Court for the District of Columbia, hitting in Alexandria, in an action-of debt '; and the •case depends-on the laws.of Virginia, as they stood yvheñ jurisdiction over the District Was first exercised by Cóngress.
 

 By the iaW of Virginia, the- proceedings, until an . issue is made up in a cause, are taken in the clerk’s office at
 
 monthly
 
 rules, and judgments by default beeomé final on the last day of the succeeding term, till which day the' defendant in any such action has a legal right to set the judgment aside, and to. plead to issue. The Circuit Court held its regular session in April,' 1818,. and continued to sit regularly till the 16th day of May, when it adjourned to the fourth Monday of the following! June. The clerk, considering the day on which the Court adjourned as the last day of the term, and the judgments at the rulés as having, ón that day, beCdmé final; issued an execution on one of these, judgments, which had .been obtained by the pláintiffs. against Cave'Withers and his common bail. When the Court met in June, ' tbe.defendant appeared, and, on motion, was allowed to set aside the office judgment, give special .hail, find plead to issue. The execution was, consequently, quashed. In the course of the term judg
 
 *108
 
 ment wasoonfessed by the defendant, for the sum claimed in the declaration, and a writ of error was then sued' out, the object of which was to reverse the iast Judgment, and set aside all proceedings subsequent to the 16th of May, on the idea, that the judgment rendered at the rules became final on that day.
 

 - The sole question in the cause is, whether the adjournment from the 16th of May to the fourth Monday in June, was a continuation of the April, term, or constituted a, distinct term ?
 

 There being nothing in any act of Congress which' prevents the Courts of the District from exercising a power common1 to all Courts, that of adjourning to a distant day; the adjournment on the 16th of May ,to the fourth, Monday in June, would be a continuance of the: same , term, unless a special act of Congress, expressly enabling the Courts of the District to hold adjourned sessions, may. be supposed to vary the law of the case.' That act is in these words: ** And the said Courts are hereby invested with the same power of holding adjourned sessions that are exercised by the Courts of' Maryland.’9 These, words do not, in themselves, purport to vary the character of the.session. They do not make the adjourned session a distinct session. They were, probably, inserted from abundant .caution, and are to be ascribed to an apprehension, that Courts did not possess the power to adjourn to a distant day, until' they should he enabled so to do by a legislative act. But this , act, affirming a pre-existing power, ought not to be construed to vary the nature of that power, unless words are employed which manifest
 
 *109
 
 such intention. In this act, there are no such words, unless they are found in the reference to the Courts of Maryland. Button inquiry, we find, that in Maryland, an “ adjourned session” is considered as the same session with that at which the adjournment was made. Since, then, the term at which this conditional, or office judgment was to become final,, was still continuing when it was set aside, and the- defendant permitted to plead to the declaration, thefe was no error in that proceeding.
 

 Judgment-affirmed;