Green, J.
delivered the opinion of the court.
The first error which is assigned, is, that the motion was not made at the first term of the Davidson circuit court, after the alleged default of the plaintiff in error took place. The act of 1807, ch. 66, which authori; *366 > zes a judgment by motion upon these bonds, requires that it shall be made at the first term of the 'superior court of the district, after the clerk shall be in default. The act of 1825, ch. 51, sec. 2, requires the clerks of the several courts to make report, and pay over the monies by them collected, by the first day of October of each year, or within two months thereafter. The first term of the circuit court of Davidson county, after .the first day of December, is the time at which the motion should have been made. The law requiring the motion then to be made, operates as a notice to those persons who may be liable to be thus proceeded against, to appear at that time, and defend themselves. But if, without giving any notice of such motion, it were to be permitted at any subsequent term of the court, the party would be taken by surprise; and, having no opportunity of defending himself, might have great injustice done him.
These summary proceedings are in derogation of the common law; and, to be valid, it has been uniformly held, that they must be in strict accordance with the provisions of the law .by which they are authorised.
In this case, the motion was made, and the judgment rendered, at a special term, in July, 1833, and not at an adjourned sitting of the preceding term, as was the case in the Mechanic’s Bank of Alexandria vs. Witters, (6 Wheat. Rep. 106.) The regular terms of the court are held in November and May. At the May term, therefore, this motion ought to have been made; for we cannot regard the special term in July, as being parcel of, or having any connection with, the regular May term.
The judgment therefore having been obtained without notice, at a term not authorized by law, must, for that reason, be reversed. This point being decisive of the case, it is unnecessary to notice the other grounds assumed by the plaintiffs in error. It may be proper, however, to remark, that in a summary, ex parte case, like *367 this, the judgment must recite all the facts that are necessary, m order to give the court jurisdiction in the case, and to authorise the court to pronounce judgment. The recital in this judgment is too vague. It is stated that Garner had been appointed, and was clerk, when the judgment was pronounced, in July, 1833; but it does not necessarily follow, that he was clerk during the year 1832, the period for which he is rendered liable. That he held the office during the time for which he is charged as a defaulter, no where appears. All the facts stated in the record might be true, consistently with the supposition that Garner was not appointed clerk until January, 1833. But, unless he was clerk during the year 1832, he was not liable. That iact, therefore, ought to have been distinctly set forth. Let the judgment be reversed.
Judgment reversed.