Thurman, C. J.
The judges of the courts of common pleas are judges of their respective districts, and not of the mere subdivisions thereof. The subdivision of the districts is for election purposes merely. Const., art. 4, sec. 3.
There is nothing in the constitution that forbids the holding of ^common pleas courts in different counties of a subdivision, at the same time.
Courts are not limited, in their power of adjournment, to an adjournment from one day to the succeeding day. They have an inherent power to adjourn to a more distant day, when not restrained by the constitution or statute law; and there is no such restraint upon the common pleas courts in Ohio. 6 Wheat. 106. When this-power is exercised, the sitting after the adjournment is a prolongation of the regular term, and, in contemplation of law, there is but one term. 6 Wheaton, supra. But the “additional term,” provided for by section 5 of the act of January 31, 1854 (52 Ohio L. 10), is a distinct term, and not a prolongation of a regular term.
When the journal entries leave it doubtful whether it was intended to appoint an “additional term,” under said section, or-merely to adjourn the regular term to a distant day, the former' construction ought to be preferred, since adjournments to a distant day are, in general, highly impolitic, and ought not, except for very weighty and special reasons, to take place. In this case, the limitation upon the business to be transacted at the July sitting, contained in the order appointing that sitting, shows that a distinct term, under the statute, was intended.
An appeal bond executed more than thirty days after the regular term at which judgment was rendered, but within thirty days after an “ additional term,” held under said statute, is not within the time-required by law.

Appeal quashed.