## THOMAS MIDDLETON *et al.*

### *v.*

## MARCUS WHITE.

1. KANE CIRCUIT COURT — *practice therein — entering judgments by confession in vacation.* The act of February 16, 1857, entitled "an act to regulate the practice in the thirteenth judicial circuit," is construed as one to regulate the practice of the Circuit Courts of the several counties comprising that circuit.

2. Kane county was within the thirteenth circuit at the time of the passage of that act, and, therefore, the provisions of the act applied to the Circuit Court of that county.

3.   One of those provisions authorized the entry of judgments by confession, in vacation.

4.   The act of the 16th February, 1861, creating the twenty-eighth judicial circuit, and placing Kane county in the new circuit thus created, did not repeal the former act regulating the practice in the thirteenth circuit, as regards the application of its provisions to the Circuit Court of Kane county.

·   5.   POWER OF ATTORNEY *to confess judgment — entry of judgment before the clerk in vacation.* It seems, that a warrant of attorney authorizing an attorney "to appear in any court of record, in term time or vacation," and confess a judgment, will authorize the judgment to be entered in any such court before the clerk thereof, in vacation, if, by law, judgments may be so entered in vacation, in that particular court.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. ISAAC G. WILSON, Judge, presiding.

On the 12th day of March, 1860, Thomas Middleton and Timothy Worsley executed their promissory note for the sum of $272.59, payable to West & Moore, or order, ninety days thereafter, with ten per cent. interest after due; and on the same day the makers executed the following warrant of attorney to confess judgment thereon:

Know all men by these presents, that whereas the subscribers are justly indebted to West & Moore, upon a certain promissory note, bearing even date herewith, for the sum of two hundred and seventy-two and $\frac{59}{100}$ dollars, made payable to the said West & Moore, or order, and due ninety days after date:

Now, therefore, we do make, constitute and appoint J. H. Mayborne, or any attorney of any court of record, to be our true and lawful attorney for us and in our name, place and stead, to appear in any court of record, in term time or vacation, in any of the states and territories of the United States, at any time after the said note may have become due, or before the same becomes due, if the said West & Moore or their assigns shall believe there is danger of losing the said sum secured by said note, waive service of process and confess a judgment in favor of said West & Moore or their assignee or assignees upon said note, for the above sum, with interest, and in addition thereto ten per cent. on the amount due, as liqui-

dated damages for delay, if said note is not paid on the day it becomes due, together with all costs; also, the sum of twenty-five dollars as attorney's fees, to be added to the amount due on entering up judgment; and also to consent to immediate execution upon such judgment; hereby waiving all errors in entering up such judgment, and ratifying all that our said attorney may do by virtue hereof. We also consent to the extension of said note from time to time at the option of the legal holders thereof.

Witness our hand and seal, this twelfth day of March, A. D. 1860.

THOMAS MIDDLETON, [L. S.]

T. WORSLEY. [L. S.]

The note having been assigned to Marcus White, he proceeded to file his declaration, and procured a judgment to be entered thereon by confession, under the warrant of attorney, before the clerk of the Circuit Court of Kane county, in vacation, after the May Term, 1861, of that court.

At the October Term, 1861, the defendants entered their motion to stay the execution which had been issued on that judgment, and to open the judgment and allow them to plead. A stay of execution was directed until the further order of the court. At the February Term following, the motion coming on to be considered, was overruled, and the order staying the execution set aside.

The defendants thereupon sued out this writ of error, and now question the correctness of the ruling of the court below upon their motion.

Messrs. Plato & Smith, for the plaintiffs in error, insisted that the court erred in overruling the motion to set aside said judgment and refusing to vacate the same, and in setting aside the order staying said execution, for the reasons:

*First.* That the clerk of said court had no right or authority to enter judgment against a party in vacation, and had no right to issue an execution on the same for,

1. The rendition of a judgment is a judicial act, and can be done by the court only. Davies, 581; 10 U. S. Dig. 279; 2 Murph. 181.

2. The clerk cannot, under our constitution, exercise any judicial power. Const. art. 5; 24 Ill. 598.

3. But doubtless this judgment was entered by virtue of the authority conferred by an act of the legislature of this State, passed at the session of 1857, entitled "An act to regulate the practice in the thirteenth judicial circuit." (Scates' Comp. 638.) It is provided in that act that judgments by confession may be entered at any time in vacation before the clerk, and such judgment shall have the same effect as if rendered in term time. But without stopping to inquire as to the constitutionality of an act authorizing the clerk to render a judgment which shall have the same force and effect as if rendered at a term of court, we proceed to observe that after the passage of this act and before the entry of this judgment by the clerk, Kane county ceased to be a part of the *thirteenth* judicial circuit, but became a part of the *twenty-eighth* circuit, by act of February 16, 1861, p. 102, Session Laws 1861, and there having been no such authority conferred upon the clerks of the twenty-eighth circuit, it follows that there is no authority for this act of the clerk; for it cannot be contended that the clerk carried with him, from the thirteenth circuit to the twenty-eighth, the power received as clerk of a court in the thirteenth circuit, and which power and practice was specially conferred upon that circuit as a circuit. With as much propriety might it be claimed that if special power had been conferred upon the clerk of the various towns of Kane county, that on a separation of one of these towns from the county, and its formation, together with other towns, into a new county, the clerk of the town separated would still possess the same power and special privilege conferred upon the town clerks of Kane county specifically.

This act was to regulate the practice in the *thirteenth circuit;* it applied to *that* circuit, no more, no less, and the extent of the practice would at all times depend upon the size of the

circuit. If it were otherwise, and a county once in the circuit, on leaving should be held to take the power with it, the effect would be, by thus taking in and setting off counties, to extend throughout the State a practice designed for a specific circuit only.

*Second.* But if it should be held that a clerk in the twenty-eighth circuit has authority to enter judgment in vacation, yet we insist that he had no authority to enter judgment in this case for the reason that the power of attorney did not warrant or authorize judgment to be confessed before the clerk, but the makers of the power authorized an attorney to appear "in any court of record" and confess judgment. Now, then, with no propriety can the clerk of a court be called the court, in which the attorney is authorized to appear for the defendants below. It is true the power says that the attorney may appear in "term time or vacation," but while the *time* of his appearance is thus specified, the *place* of his appearance is unqualifiedly mentioned as *in a court of record.* The form of this warrant of attorney was undoubtedly taken from those in use in places where the peculiar practice of holding vacation terms of court, so to speak, in which the court renders judgment by default and confession, &c., at times intervening the regular term time. And this word "vacation" as used in this warrant of attorney, has reference to just such a practice, and could not have referred to an appearance before the clerk, for the reason that it specially designates that the attorney shall "appear in court."

*Third.* But if it should be held that the clerk had authority to enter up this judgment, then we say according to the authority in the 5 Hill, this power of attorney being more than a year and a day old at the time of the entry of this judgment, there should have been an affidavit that the debt was still due and the party still alive. 5 Hill, 97, and authorities there cited.

*Fourth.* The note had not been properly indorsed to the plaintiff below. The indorsement is written upon the back of the warrant of attorney and not upon the note, as required by statute, R. S. ch. 73, § 4.

*Fifth.* It is held in Ohio that the power under the warrant of attorney cannot be exercised in favor of the assignee of the note. On the assignment of the note the power becomes invalid and no power can be exercised in favor of the assignee who holds the note, as if no such power ever attached to it. 19 Ohio.

For these reasons, we contend the judgment was improperly rendered, and the court should have set the same aside, and should not have vacated its previous order staying the execution issued in this case.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

When the act of February 16, 1857, entitled "An act to regulate the practice in the thirteenth judicial circuit," was passed, the counties of Kane, Boone, De Kalb and McHenry, constituted that circuit. At that time there was no court for the thirteenth judicial circuit, and no practice of that circuit, as such, to be regulated. There were, however, Circuit Courts for the several counties included in the circuit, and a practice in such courts. The act, therefore, must be construed as one to regulate the practice of the Circuit Courts of the counties of Kane, Boone, De Kalb and McHenry, the same as if those counties had been mentioned by name, instead of being designated by a general description including them. This is evident from the various provisions of the statute. By the first section the several Circuit Courts in the circuit are empowered, where judgments are rendered by default, to assess the damages without the intervention of a jury. The second section provides that judgments may be entered in said courts (meaning the several courts of said counties) before the clerk in vacation. The other powers and duties devolved upon the courts and their officers, have reference to them as officers of the courts of such counties. The practice brought into existence by this act, was the practice of the courts for those counties. On the 16th February, 1861, an act was passed creating the 28th judicial circuit, and it provided that it should be composed of the counties of Kane and Du Page. The act last mentioned does

not, in terms, repeal the law regulating the practice theretofore existing in the county of Kane, and is not, necessarily, inconsistent with its provisions. The counties of Kane, Boone, De Kalb and McHenry, were large commercial counties and required greater facilities for the transaction of business than theretofore existed in them; and to meet this exigency the act of 1857 was passed.

The act of 1861 was passed for the purpose of creating a new judicial circuit, but, was it intended thereby to deprive the Circuit Court of Kane county of any of the powers which it had before its passage? To operate as a repeal of any of the powers of the Circuit Court of that county the act of 1861 should be so far inconsistent with their exercise as to render it evident that such was the intention of the legislature. The facilities for transacting business in that county should not be taken away by implication, unless it is so clear as to exclude the natural presumption that they were to remain unaffected. The object of the act of 1861, creating a new judicial circuit, was to increase the judicial force of the State, and we are unable to perceive anything in it from which it can be inferred that the intention of the legislature was to deprive the Circuit Court of Kane county of any of the facilities for transacting business theretofore enjoyed by it. The practical construction of these acts has been in accordance with these views, and after a long practice under it, many titles to property depend upon upholding such construction, and even if the question were a doubtful one, we should be inclined to sustain the construction which has been adopted in practice. Perceiving no error in the record, the judgment of the court below will be affirmed.

*Judgment affirmed.*