## CLINTON L. CONKLING

### *v.*

## NICHOLAS H. RIDGELY & CO.

*Filed at Springfield September 27, 1884.*

1. CONFESSION OF JUDGMENTS IN VACATION—*what is a "vacation," within the meaning of section 66 of the Practice act.* Where a circuit court adjourned over for thirty-two days, it was held that the period intervening in which the court did not sit and transact business was to be regarded as *vacation*, within the meaning of that word in section 66 of the Practice act, authorizing judgments by confession in vacation. But the word is not to be understood as embracing all the time the court is not actually in session, or as embracing the time of an adjournment from day to day.

2. SAME—*by whom the entry may be made—powers of the judge.* The judge of a circuit court has no power to make an order for the entry of a judgment by confession in vacation. Nor does the statute authorizing judgments to be confessed in vacation, in terms authorize the clerk of the court to enter them upon the record, but by necessary implication it confers the power.

3. SAME—*entry of judgment, whether a judicial act.* The entry of a judgment by confession in vacation, by the clerk of the court, is not a judicial act, though the statute gives such judgment the same force and effect as judgments entered in term time.

4. TERMS OF COURT—*their duration—power of the judges.* Section 18 of the act of February 22, 1872, confers upon circuit courts, when in session, the power to adjourn to any day not beyond the first day of the next term fixed by law; and the effect of the legislation now in force is to change the former law in respect to the peremptory adjournments made necessary by the laws before in force, and to leave the duration of the terms of the courts practically at the discretion of the judges.

5. CONSTRUCTION OF STATUTES—*remedial.* In construing a remedial statute, the courts should consider the old law, the mischief, and the remedy; and the new act should be so construed, if it can fairly be done, as to suppress the mischief in the old law and advance the remedy.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Mr. JAMES C. CONKLING, for the plaintiff in error:

The statute does not confer upon clerks the power to enter confessions of judgment in vacation, and it must be ordered by the judges.    The clerk being a ministerial officer, can not exercise judicial powers.    Freeman on Judgments, sec. 2; *Field* v. *People*, 2 Scam. 79; 2 Sellon's Practice, 43; Impey's Practice, 448.

As to the power of judges in vacation, see Hurd's Stat. 1878, chap. 37, secs. 47, 49.

When a court is open, the term continues until it is ended by order of final adjournment, or until the efflux of the time fixed by law for its continuance.    *Labadis* v. *Dean*, 47 Texas, 100.

Every term continues until the call of the next succeeding term, unless previously adjourned *sine die*.    Freeman on Judgments, sec. 90; *Townsend* v. *Chew*, 31 Md. 247.

The power of a court over its judgments during the entire term at which they are rendered, is unlimited.    *Ashley* v. *Nyde*, 5 Ark. 100; *Underwood* v. *Sledge*, 27 id. 295; *State* v. *Treasurer*, 43 Mo. 228; *Doss* v. *Lynch*, 14 How. 297; *Taylor* v. *Lusk*, 9 Iowa, 444.

A court held by adjournment is not a new term, but a continuance of the former term.    *Smith* v. *Smith*, 17 Ind. 75.

The general rule is, that the term is to be considered as one day.    *Barrett* v. *State*, 1 Wis. 175.

When the February term of the district court was continued to the 24th of May thereafter, and the court did not convene on the 24th, pursuant to adjournment, the court is legally open until it adjourns *sine die*, or expires by law.    *State* v. *Bohan*, 19 Kan. 28.

A court legally open for all general purposes continues in session until it adjourns *sine die*, or expires by law.    *Railroad Co.* v. *Hand*, 7 Kan. 380.

A vacation is the time between the end of one term and the beginning of another.    2 Abbott's Law Dic. 625; 6 Jacobs' Law Dic. 323.

A "term" is the space of time in which a court holds a session. (Bouvier's Law Dic.) It is a definite time prescribed by law for the administration of judicial duties. *Horton* v. *Miller*, 38 Pa. St. 270.

A term of the circuit court continues until the call of the next succeeding term, unless it affirmatively appears that before that time it was, by order of the judge, adjourned *sine die*. Freeman on Judgments, sec. 90; *Townsend* v. *Chew*, 31 Md. 247.

The court having been regularly convened, continues open until actually adjourned. *People* v. *Central City Bank*, 53 Barb. 412.

The terms of a court fixed by law are terms whether there is a judge to hold court or not. *Downey* v. *Smith*, 13 Ill. 671.

During the term, in the absence of the judge, ministerial officers have no power to open or adjourn court. *Wright* v. *Wallbaum*, 39 Ill. 555.

Messrs. PALMERS, ROBINSON & SHUTT, for the defendants in error:

The entry of a judgment by confession is not a judicial act. *Durham* v. *Brown*, 24 Ill. 93; *Ling* v. *King*, 91 id. 571; *Keith* v. *Kellogg*, 97 id. 147.

The judge would have no power to order the entry of judgment in vacation unless it was conferred upon him by statute. *Ling* v. *King*, 91 Ill. 147.

The statutes relating to the vacation powers of judges do not include the power in question. See statute cited by plaintiff in error.

The practice sanctions the entry of judgments in vacation by the clerk.

By the adjournment to a distant day the court parted with all jurisdiction, completely, until the day fixed for the resumption of business, and the intervening time may be taken as a vacation.

As to the meaning of the words "terms" ånd "vacations," reference is made to 2 Abbott's Law Dic. 553; 2 Bouvier's Law Dic. 579; 2 Wharton's Law Lex. 1001; Webster's Dic.

The rule in construing a remedial statute, though it may be in derogation of the common law, is, that everything is to be done in advancement of the remedy that can be done consistently with any fair construction that can be put upon it. *Chicago Railroad* v. *Dunn,* 52 Ill. 260.

The 66th section of the Practice act is remedial, and should be liberally construed, in order to effect the intention of the legislature. *Huguet* v. *Wallace,* 4 Dutch. 523; *Middleton* v. *White,* 35 Ill. 114.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a motion in the circuit court to set aside a judgment by confession in favor of N. H. Ridgely & Co., against Kimber, Ragsdale & Co., before the clerk of the circuit court of Sangamon county, Illinois, as of vacation. The regular term of the Sangamon county circuit court commenced October 2, 1882, when the court convened, and continued to transact business until December 27, 1882, at which time an order was entered adjourning the court to January 29, 1883, at which date the court again opened, and transacted business until February 3, 1883, when it adjourned *sine die.* On January 12, 1883, Kimber, Ragsdale & Co., by their attorney, appeared before the clerk of the said circuit court and confessed a judgment in favor of N. H. Ridgely & Co., for the sum of $36,319.89, upon certain promissory notes, for which sum judgment was accordingly entered, upon which an execution was afterward issued. On the 29th day of January, 1883, the assignee of Kimber, Ragsdale & Co., under a voluntary assignment, entered his motion in said court to set aside the judgment and vacate the execution, which motion the court overruled. On appeal to the Appellate Court for the Third

District, the judgment overruling said motion was affirmed, and the assignee appealed to this court.

The chief question presented upon this record is, whether in this case the 12th day of January, 1883,—the day this judgment by confession was entered,—was in term time or in vacation, within the meaning of our statute authorizing the entry of judgments by confession in vacation. Judgments by confession can be entered before the clerk only in vacation. During term time they must be entered in open court. The judgment here was entered before the clerk as in vacation. But it is contended by plaintiff in error that it was not in vacation when the judgment was entered, but that the 12th day of January, 1883,—the time the judgment was confessed and entered,—was a day in term time; that it was part of the preceding October term, which commenced on October 2, 1882, and was not adjourned *sine die* until the 3d day of February, 1883, and that not having been taken in open court, the judgment was null and void. No doubt an application of the strict common law definition which we find of the term "vacation," to-wit, "a vacation is all the time between the end of one term and the beginning of another," (6 Jacobs' Law Dic. 323,) would make the time of the entering of this judgment not to be in vacation, as the October term, which commenced on October 2, 1882, did not end by final adjournment until February 3, 1883. The inquiry is, whether we must adopt this as the meaning of the word "vacation," in the construction of the 66th section of the Practice act, authorizing the confession of judgments in vacation.

We think that under this act the term "vacation" may well be given a different meaning from what it had at common law, as above given. Under the earlier organization of courts in England, "terms" of the courts were four periods in each year. They commenced on fixed days, and had a fixed time of termination, and they aggregated ninety-one days. The vacations embraced all the days in the year not included in

the "terms." Any such a period of recess of a court of more than a month's duration, as we find in this case, was unknown in that system. The early laws of this State, prior to December 9, 1871, provided for dividing the State into judicial circuits, and fixed the times for the commencement of the terms of the circuit courts in each county. In no case did the statutes in express terms fix the duration of the terms of such courts, though as the judges were required to hold terms in the different counties on fixed days, and had no authority to hold court in one county at a time the law required them to hold court in another, and only one term of a circuit court could be held or be open at any one time in a circuit, it followed, as a necessary construction of the statute, that upon the occurrence of the time fixed by law for the opening of the court in any one county in a circuit, the circuit courts in every other county stood adjourned until court in course. (*Archer* v. *Ross*, 2 Scam. 303.) In *Cook* v. *Skelton*, 20 Ill. 107, it was recognized that "the custom has always prevailed of adjourning from day to day, and for such other short periods as the convenience of the court and the dispatch of business might require." By the first section of the "Act to provide for holding regular and special terms of the circuit court in two or more counties in the same circuit at the same time," approved December 9, 1871, it was provided that terms of the circuit court might be held in two or more counties in the same circuit at the same time, and that it should not be necessary to close any term in any county before the business of that term was disposed of, in order to begin a term in any other county in the same circuit, if any circuit judge of the State could be had to preside over either of said terms. The 18th section of the act of February 22, 1872, conferred upon the circuit courts, when in session, the power to adjourn to any day not beyond the first day of the next term of the court in that county fixed by law. The effect of these statutes was to change the law in respect to

the peremptory adjournments made necessary by the laws in force before, and to leave the duration of the terms of the courts practically at the discretion of the judges. By the 27th section of chapter 83, of the Revised Statutes of 1845, it was provided that "any person, for a debt *bona fide* due, may confess judgment by himself, or attorney duly authorized, with or without process."

Thus stood the general law upon this subject until the passage of the act in regard to practice in courts of record, approved February 22, 1872, (Laws 1871–72, p. 348,) the 65th section of which, being identical with the 66th section of the present Practice act, provides that "any person, for a debt *bona fide* due, may confess judgment by himself, or attorney duly authorized, either in term time or vacation, without process. Judgments entered in vacation shall have like force and effect, and from the date thereof become liens, in like manner and extent as judgments entered in term." In *Middleton* v. *White*, 35 Ill. 114, it was said, in reference to a similar local law passed in 1857, for the benefit of Kane and three other counties, "the counties of Kane, etc., are large commercial counties, and required greater facilities for the transaction of business than theretofore existed in them, and to meet this exigency the act of 1857 was passed."

There are law writers who give a broader definition of the term "vacation" than the one above quoted. Abbott says: "Any continuous authorized sitting of the courts is probably known in most of the States as a term." (2 Abbott's Law Dic. 552.) Bouvier defines "term" as "the space of time during which a court holds a session." Burrill says, in defining the word vacation: "In practice: intermission of judicial proceedings; the recess of courts; the time during which courts are not held." He also gives, as one of the definitions of the word, that quoted above from Jacobs. Wharton defines the word vacation: "Intermission of judicial proceedings, or any other stated employment; recess of courts or senates."

The statute in question is a remedial one, and a point to be considered in the construction of all remedial statutes is, the old law, the mischief, and the remedy; and it is the business of the judges so to construe the act as to suppress the mischief and advance the remedy. (1 Blackstone's Com. 87.) As was said in *Railroad Co.* v. *Dunn*, 52 Ill. 260: "The rule in construing a remedial statute, though it may be in derogation of the common law, is, that everything is to be done in advancement of the remedy that can be done consistently with any fair construction that can be put upon it."

In accordance with what was said in *Middleton* v. *White*, as before cited, greater facilities in the taking of judgments by confession were required than was afforded by the former law limiting the taking of such judgments to open court in term time, to meet which exigency the 18th section of the statute of February 22, 1872, was enacted, authorizing judgments by confession in vacation, as well as in term time. That is, practically, to allow judgments to be confessed at any time, as, according to the practice which had before prevailed, it would, essentially, always be either term time or vacation. We would not be understood as holding that under this act, vacation means all the time the court is not in actual session, or that it embraces the time of adjournment from day to day; but we are clearly of opinion that where there is the adjournment of court for any such period of time as is found in the present case, the true construction of this 66th section of the Practice act requires that the broader definition which we find of the term "vacation" should be adopted, and that the time of recess should be considered as in vacation, for the purpose of admitting the taking of judgments by confession. This we regard as the practical and reasonable interpretation, and the one that should be given in furtherance of the intention of the act, and in advancement of the remedy which it seeks to give.

The propriety of this construction finds illustration in the condition, as counsel for defendants in error state, which existed in the circuit from which this cause comes, at the time of the preparation of their brief,—April 16, 1884. It is said that on that day, in three of the six counties constituting the circuit, sessions of court were being held by judges present; that in the three other counties the courts stood adjourned, but not finally, under the judge's order. Under the construction contended for by counsel for plaintiff in error, judgments by confession could not at that time have been taken in the three latter counties in which the courts stood adjourned, because it was term time there, although the judges of the circuit were holding actual sessions of their courts in the other three counties. Manifestly, such was not the intention of the act. The term time of the courts in that circuit was in the counties where the courts were being actually held, and in the other counties it was in reality vacation, within the intendment of this 66th section of the Practice act, so as to admit the taking of judgments by confession as in vacation. To hold otherwise would be to adopt a legal fiction, and give it effect over what was the real condition, to the denial of the enlarged remedy which was intended to be given by the statute.

A point is made that the clerk of the circuit court had no authority to enter a judgment by confession in vacation without an order of the judge directing it to be done. It has been repeatedly held that the entry of a judgment in vacation is not a judicial act. (*Durham* v. *Brown,* 24 Ill. 93; *Ling* v. *King,* 91 id. 571.) With us the judge has no power to make orders in vacation, unless it be conferred on him by statute. (*Ling* v. *King, supra.*) The statutes giving powers to the judges in vacation do not include the power to order the entry of judgments by confession. It is true the statute does not in terms authorize the clerk to enter up the judgment; but as it provides that judgments may be confessed in vacation, it by necessary implication gives such authority.

Because in the several local laws authorizing judgments by confession, which had theretofore been passed for the benefit of particular named counties, there was the provision that such judgments might be entered "upon filing the proper papers with the clerk of the court," it is argued that the absence of such a provision in this general act denotes the purpose not to confer upon the clerk the power to enter such a judgment. This can not truly be said, in view of the fact that the want of such power would render the act of no effect, and the omission of that provision signifies no more, we think, than that it was deemed superfluous to express that which was necessarily implied.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CRAIG, dissenting:

I do not concur with a majority of the court in the decision of this case, and I have concluded to express my own views in reference to the questions involved.

Section 66, chapter 110, of the Revised Statutes of 1874, provides: "Any person, for a debt *bona fide* due, may confess judgment by himself, or attorney duly authorized, either in term time or vacation, without process. Judgments entered in vacation shall have like force and effect, and from the date thereof become liens, in like manner and extent as judgments entered in term." Under what was supposed to be the authority conferred by this statute, on the 12th day of January, 1883, the judgment in question was confessed before the clerk of the circuit court of Sangamon county, and entered up in due form. It appears from the record that the fall term of the circuit court of Sangamon county commenced on the 2d day of October, 1882, and continued in session from day to day until December 27, when an order was entered adjourning the court until January 29, 1883, when the court convened, and continued with the business of

the term from day to day until February 3, 1883, when court adjourned *sine die,* or until court in course. If the judgment in question was confessed in term time, it is manifestly void, as the statute only authorized a judgment by confession before the clerk of the court in vacation. But it is contended that the period of adjournment from December 27 to January 29, within the meaning of the statute, is to be regarded as vacation, and hence the judgment is valid.

The important inquiry then presented by the record is, what is the proper construction to be placed upon the words of the statute, "in term time," and the words, "in vacation." This statute being in derogation of the common law, in passing upon it, the well known rule that it should not be enlarged by construction, must be kept in view.

Words and phrases in a statute, the meaning of which have been ascertained, are, when used in a subsequent statute, to be understood in the same sense. (Potter's Dwarris, 274.) If, therefore, the words "in term time," and "vacation," at the time they were incorporated into the statute had a well known legal meaning, it will be presumed that the legislature intended they should be used in that sense. In 6 Jacobs' Law Dic. 323, the author defines vacation as follows: "Is all the time between the end of one term and the beginning of another, and it begins the last day of every term as soon as the court rises." Bouvier, (vol. 2, page 619,) defines the word vacation as follows: "That period of time between the end of one term and beginning of another." In speaking of the word term, the same author says: "The whole term is considered as but one day, so that the judges may at any time during the term revise their judgments." These definitions of the words used are in harmony with those given by other law writers. Indeed, no writer that we have examined gives any other or different meaning of the terms used, and we think it may be safely said that the words, at the time the statute was adopted, had a well known legal meaning.

But aside from this view of the question, it seems to be well settled by decisions of courts, that "vacation," when used in reference to courts, is that time between the end or final adjournment of a term and the beginning of another. In *Mechanic's Bank of Alexander* v. *Withers*, 6 Wheat. 106, where the regular term began on the third Monday in April and continued until the 16th of May, when it adjourned to the fourth Monday of June, it was held that the adjournment from the 16th of May to the fourth Monday in June was but a continuation of the April term. The same doctrine was announced in *Commonwealth* v. *Sessions of Norfolk*, 5 Mass. 436, where it is said: "It is well understood by the people generally, that a court holden by adjournment is not a new term, but a continuance of the former term of court, and it is not unfrequent for courts of sessions to adjourn for the accommodation of persons having business in it." In *Lieb* v. *Commonwealth*, 9 Wall. 200, it was held that a day to which a court was adjourned is a part of the same term at which the adjournment was made. In *Sawyer* v. *Bryson*, 10 Kan. 200, it was held that an adjourned term of court is in no proper sense an independent, distinct term, but merely a prolongation or continuance of that already begun. In *Smith* v. *Smith*, 17 Ind. 75, an adjourned term was held to be a part of the regular term.

Under section 35, chapter 37, of the Revised Statutes of 1874, the circuit judge had authority to adjourn from day to day, or to any day not beyond the first day of the next term of court, and the adjournment shown by the record was authorized by this statute. But we are satisfied that the adjournment from December 27 to January 29 did not close the term, nor was the interim a vacation, within the meaning of the statute. The interim could not be vacation, as the full term of court had not ended. No final adjournment of the term had taken place, and hence vacation had not commenced. If there was a vacation here, and the clerk was authorized

to act because the court had adjourned for a period of thirty-two days, for the same reason and upon the same principle he might act if the adjournment was but for ten days, or one day, or even one hour. I do not think the statute will bear such a construction. Suppose the court had adjourned for two hours, instead of thirty-two days, and defendant in error had appeared before the clerk and confessed the judgment, would any reasonable person contend that the judgment was confessed in vacation? I apprehend not; and yet in principle there is no difference between a short adjournment and a long one, unless the adjournment exceeds the time provided by the statute. It is a mistake to suppose that on the 12th day of January, when the judgment was entered, the court had no power to act. The court has the power to review orders made during the term, at any time before final judgment, and had the court seen proper, on the 12th day of January the order of adjournment might have been vacated, and upon a proper showing the business of the court resumed. At all events, I am satisfied that the vacation intended by and within the meaning of the statute can not begin until a final adjournment of court has taken place, and as the court had not adjourned for the term when the judgment was confessed before the clerk, the judgment was unauthorized, and void.