THOMAS W. COE

*v.*

SUSAN G. HALLAM.

*Opinion filed June 18, 1898.*

1. COURTS—*a recess over a judicial day is vacation.* The meaning of the word "vacation" is not limited to the interval between terms of court, but includes any recess extending over a judicial day.

2. JUDGMENTS AND DECREES—*judgments entered on different days during recess do not pro rate.* Judgments by confession entered on different days during a recess extending over a judicial day are not entered during the same term, within the meaning of section 1 of the act on judgments, decrees and executions, (Rev. Stat. 1874, p. 621,) so as to be entitled to share *pro rata.*

3. SAME—*effect of court's confirmation of judgment entered in vacation.* An order by the court on convening after a recess, which purports to confirm a judgment by confession entered during the recess, does not advance the lien of such judgment so as to entitle it to share *pro rata* with prior judgments entered during such recess.

*Hallam* v. *Coe,* 74 Ill. App. 255, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Livingston county; the Hon. C. R. STARR, Judge, presiding.

REEVES & BOYS, and A. P. WRIGHT, for appellant.

A. C. NORTON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Livingston county adjourned from October 31 to November 16, 1891. During this recess seven judgments by confession were entered against one D. A. Harding before the clerk as in vacation. Five of these judgments were entered and execution issued November 9. The sixth was entered and execution issued November 11, and the seventh was in favor of appellee and was entered November 13 and execution was issued

thereon November 16. Appellant, as sheriff, levied upon and sold personal and real estate of Harding by virtue of said executions. The amount realized was not enough to pay the executions issued on the judgments of November 9, and appellant refused to pay any part thereof to appellee. She filed a petition to the court for a rule upon him, as sheriff, to apply a portion of the amount realized upon her execution. He answered and there was a hearing, at which the court denied the petition. She took the record to the Appellate Court on a writ of error, and that court reversed the judgment and remanded the cause, with directions to the circuit court to enter an order giving her a share in the proceeds of the sale of the real estate *pro rata* with the other executions.

The time during which the court adjourned is to be regarded as vacation, within the meaning of section 65 of the Practice act, authorizing the confession of judgment in vacation. (*Conkling* v. *Ridgely*, 112 Ill. 36; *Field* v. *Ridgely*, 116 id. 424.) The adjournment in those cases was for thirty-two days and in this case it was for sixteen days, but the interpretation of the statute in those cases was that vacation includes any recess during the adjournments of the court not embracing the time between adjournments from day to day. The law ordinarily takes no account of fractions of a day, unless it is necessary for the determination of substantial rights. A day is a unit and one day lasts until another begins, so that if the court is in session on successive days it is term time, without any interval between; but when an adjournment is ordered over a period of time including a judicial day on which the business of the court and clerk might be transacted and judgments entered, there can be no distinction, in reason, between one day and sixteen or thirty-two. It is conceded by the parties that this construction is correct. The judgments entered on the three different days in vacation were all vacation judgments. On November 16, 1891, the court entered an order purporting to

confirm the judgment of appellee, but this had no effect whatever and did not change the character of the judgment. Execution was properly issued on each of them.

It is argued on behalf of appellee, that while all the judgments were entered in "vacation," as that term is employed in section 65 of the Practice act, authorizing their entry in vacation, yet they were all rendered at the same term of court, and not in "vacation," as the same term is used in section 1 of chapter 77, concerning judgments, decrees and executions, which provides "that there shall be no priority of the lien of one judgment over that of another rendered at the same term of court or on the same day in vacation." If the days on which these judgments were entered were included in a term of court, then they were not days in vacation of the same court, and if they were not days of the term then the judgments entered were not rendered at a term of the court. It seems plain that they could not be rendered at a term and also in vacation. The only ground for asking for such a construction is that it will aid the supposed intention of the legislature in preventing a priority in the liens of different judgments. It would hardly do to apply one meaning to a term in one instance and reverse it in another relating to the same subject, unless for most cogent reasons. In this case the legislature has expressed its intention as to priority of liens in the case of judgments entered in vacation, by providing that there shall be no priority as between judgments entered on the same day in vacation, and one day is fixed as the period. Neither has the legislature provided any method which would insure equality as between judgments which may be entered by confession. Any person can enter a judgment in that way, during a term of one court, before the clerk of some other court having jurisdiction which may happen to be in vacation in the same county, or enter the judgment in some other county and file a transcript of it in the office of the clerk of a court of record in the county

where the real estate lies, or take an execution from the foreign county and levy upon such real estate, and the rule is not made to apply in either of those cases. There was no judgment in this case entered in term time, but the judgments were all vacation judgments, and the possibility that there might be a case where judgments might be entered both in term time and vacation, during a period covered by different sessions of the court, would not suffice to show a legislative intention different from that expressed in the statute. If the legislature meant that a recess over a judicial day should be vacation, they could not have meant that it should also be in term time, and that a judgment rendered on such a day should be rendered at a term.

The judgment of the Appellate Court is reversed and the judgment of the circuit court is affirmed.

*Judgment reversed.*