STATE ex rel. HAUGAN, Plaintiff, v. BELATTI et al.,

Defendants.

(161 N. W. 614.)

(File No. 4127.   Opinion filed March 5, 1917.)

1.  **Appeals—Supersedeas—Judgment Abating Hotel Public Nuisance—Stay of Proceedings on Appeal, Right to—Enjoining Lawful Business.**

Where a judgment of the circuit court perpetually enjoined and prohibited defendant, keeper of a hotel which had been adjudged by said judgment to be a public nuisance, from conducting any business or performing any acts in or about the premises, and from occupying, frequenting, using, going upon, operating, letting, sub-letting, or otherwise transacting any business in or upon the premises, **held**, upon an application to the Supreme Court by defendant-appellant, for an order fixing amount of a supersedeas undertaking on appeal from said judgment, that while if the judgment had simply extended to prevention of transacting of unlawful business, the granting of a stay would not be considered by the Court; yet in view

of the findings and conclusions of trial court, a partial stay upon this appeal will be granted; it appearing that the trial court was not proceeding under provisions of Laws 1913, Chap 123, relating to cases of lewdness, assignation and prostitution; the undertaking itself to provide among other things, that it shall cover payment of such sum or sums, if any, as may be imposed in conducting proceedings against defendants, appellants, etc., for the continuance, after giving the undertaking, of any unlawful business described in the findings; the stay, however, to extend so far only as said judgment enjoins defendants, appellants, etc., from transacting and engaging in lawful business upon the premises.

Whitting, and McCoy, JJ., dissenting.

Appeal from Circuit Court, Codington County. Hon. CARL G. SHERWOOD, Judge.

Action by the State of South Dakota on the relation of A. J. Haugan, State's Attorney of Codington County, South Dakota, against Severi Belatti and E. L. Denis, to abate a public nuisance alleged to have been maintained in defendant Denis' hotel. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Upon application to the Supreme Court by defendants for an order fixing the amount of supersedeas undertaking on the appeal. Order for partial stay granted, on filing of undertaking.

*Wilbur S. Glass,* and *Sherin & Sherin,* for Applicants.

*A. J. Haugan,* and *J. E. Mather,* for Relator.

(1) To point one of the opinion, Appellants cited: State ex rel. Beck v. Bossingham, 35 S. D. 355; Chenango Bridge Co. v. Page, 83 N. Y. 189.

GATES, P. J. Application for an order fixing the amount of a supersedeas undertaking on appeal to this court from the judgment of the circuit court of Codington county, S. D.

This is an action to abate a public nuisance. The trial court found that the defendant Denis, as lessee of the premises in the city of Watertown known as the West or Arcade Hotel, was conducting said premises as a house of prostitution, assignation, and for the illegal sale of intoxicating liquors, and that such unlawful business was the principal business of the so-called hotel. The judgment provided as follows:

"It is ordered, adjudged, and decreed as against the defendant E. L. Denis, his agents, servants, employees, attorneys, and

all persons claiming under him, or acting under his direction or authority, be, and they are hereby, perpetually enjoined and restrained and prohibited from conducting any business or performing any acts in or about the premises [describing them]; that the said defendant E. L. Denis, his agents, servants and employes, attorneys, and all persons claiming under him acting under his direction or authority, be perpetually prohibited, restrained, and enjoined from occupying, frequenting, using, going upon, operating, letting, sub-letting, or otherwise transacting any business in or upon said premises known as the Arcade Hotel, also known as the West Hotel, in the city of Watertown, S. D."

It is contended by applicant that there is no warrant in law for the judgment as rendered; that it could lawfully only restrain defendant from continuing the unlawful acts.

The state contends that Denis pays no attention to temporary injunctions, and that, if permission is granted him, pending appeal, to transact lawful business in the hotel, he will continue to transact such unlawful business. Indeed, the trial court found that from July to November, 1916, the defendant Denis continued such unlawful business in the face of a temporary injunction. It would seem, however, that contempt proceedings ought to have been a sufficient remedy to prevent the violation of the temporary injunction.

[1, 2] If the judgment simply extended to the prevention of transacting unlawful business, the granting of a stay upon appeal would not be considered for a moment by this court, in view of the findings of fact and conclusions of law of the trial court, but the question as to the validity of the judgment wherein it prohibits defendant from engaging in a lawful business on the premises is a serious one. The assertion of power in a court to pass upon the qualifications of a hotel keeper is certainly novel. Moreover, the trial court declared that it was not proceeding under the provisions of chapter 123 of the Laws of 1913. Without deciding that question we are inclined to grant a partial stay upon appeal.

Upon the filing of an undertaking in the usual form in the sum of $3,000, with sureties to be approved by the judge of the trial court, and with the further provision therein that the undertaking shall cover the payment of such sum or sums, if, any, as

may be imposed in contempt proceedings against the defendant Denis, his agents, servants, or employes, for the continuance, after the giving of the undertaking, of any unlawful business described in the findings of fact, the trial court will enter an order directing that the execution of the judgment be stayed upon appeal so far, and so far only, as it prevents the defendant Denis, his agents, servants, employes, etc., from transacting and engaging in lawful business upon the premises. The defendant Denis will be given ten days after the service of this order upon his attorney within which to obtain, file, and secure the approval of such undertaking, after which period the effect of the restraining order issued by this court shall cease.

Other matters urged by applicant relating to practice and procedure are not deemed matters properly before us for consideration upon this application.

WHITING and McCOY, JJ., (dissenting). We agree that this court should not at this time go into the questions of practice raised. If it shall be conceded, and we think it must, that the trial court has jurisdiction to abate a nuisance by closing a building the wrongful use of which constitutes such nuisance, then there are left for our consideration but two questions: (a) Can there ever be a public nuisance so glaringly wicked and heinous as to warrant the exercise of such jurisdiction? (b) If so, then when a trial court has exercised such jurisdiction in a proper case and has refused to stay the operation of its decree pending an appeal therefrom, should the appellate court, except there appear reasonable ground to doubt the justice of the decree under the facts found by the trial court, overrule the trial court and stay the operation of such decree? There can be but one answer to the first question: Facts may arise that will justify the exercise of such jurisdiction. The record herein presents such facts. No good purpose could be served by a recital thereof; suffice it to say that they are almost beyond belief, and, if true, show defendant Denis to be a man wholly devoid of any sense of decency or of his obligations to his fellow man. Answering the second question, we can only say that, unless such a decree should always be stayed pending appeal, and therefore the trial court was without any discretionary power in the matter, we should not disturb the ruling of such court. There are two mat-

ters that should not be overlooked: (1) The injunction does not reach the owner of the property, defendant Belatti. Whenever, as against defendant Denis, he is entitled to take possession of this building, he can open and run the same as a hotel. (2) The trial court has expressly found that Denis is not a proper person to conduct a hotel. Certainly neither this nor the trial court should suspend the action of the decree for the sole purpose of allowing this building to be run as a hotel by one found unfit to run any hotel. Until such time shall arrive, if it ever arrives, when this court shall hold that the trial court exceeded its jurisdiction or that the evidence did not support its findings, this court should hold up the hands of the trial court in its efforts to protect the city of Watertown from a nuisance dangerous both to the health and the morals of that community.