STATE ex rel., HAUGAN, State's Attorney, Respondent, v.

DENIS, Appellant.

(167 N. W. 151.)

(File No. 4184.   Opinion filed March 26, 1918.)

1.  Courts—Venue—Issue of Law, Trial of in Another County, "In
      Vacation," Jurisdiction—Statute.

    Under Code Civ. Proc., Sec. 245, providing that issues of law
    must be tried at a regular or special term of circuit court or
    by the court in vacation, etc., and that if tried by the court
    in vacation, * * *, same may be tried and determined in any
    county of the circuit within which the action is brought.
    Held, that the court was authorized thereunder to hear and
    pass upon a demurrer to a complaint, if at the time of such
    hearing, the circuit court of the county of the venue was "in
    vacation."   Held, further, that such hearing and determina-
    tion in another county, during a period of adjournment of the
    regular term of the court of the county of venue, which had
    adjourned to a time beyond that at which the hearing was
    had, was a hearing "in vacation," within said section; that
    the word "vacation," when applied to our circuit courts, should
    include any period, whether one day or more, during which
    court might legally have been held, which period elapses be-
    tween one day's session of court and another day's session,
    even though both such days be of the same term.

2.  Courts—Circuit   Court—Trial   at   Term—Order   for   "Special
      Term," Immateriality.

    Where, after hearing and decision upon demurrer to a com-
    plaint, in a county of the circuit other than that of the venue,
    the court made an order calling a "special term" for a certain
    day which was of a regular term, held, that the cause was
    properly tried on said date, even though the order calling a
    special term was void as being a "court" order.

3.  Nuisance—Hotel   as   Public   Nuisance—Place   of   Assignation,
      Drunken Disturbing Revelry, Resort of Prostitutes, Proprietor
      Soliciting Illicit Commerce—Evidence of Nuisance, Sufficiency.

    Where, under guise of conducting a hotel in a hotel build-
    ing, near the center of the city, a low bawdy house was kept
    by the proprietors; intoxicating liquors being unlawfully sold
    to adults and young boys and girls; the place being commonly
    resorted to by prostitutes and men filthy with disease who
    were a menace to public morals, safety and health; where
    drunken disturbing revelries were rife, the proprietor him-
    self soliciting illicit commerce between prostitues and men, at
    prices fixed by himself; such place having heen conducted for
    ten months, and for the last two in violation of a temporary
    injunction, held, that evidence of these facts shows a situation

and condition offensive to public decency, against peace and dignity of the general public, a public nuisance, and a menace to public morals, health and safety; findings to which effect and conclusions thereon that the building should be abated as a continuing public nuisance, etc., and that the proprietor was an improper and unfit person to manage and operate such hotel, sustained.

4.   Appeals—Error—Failure to Assign Error, Effect.

A point urged upon appeal as error of trial court, will not be considered on appeal, unless assigned as error.

5.   Injunction—Hotel Nuisance—Restraining Operation of Hotel, Not Merely Wrongful Acts—Jurisdiction to Enjoin.

Trial court, in prohibiting by final injunction appellant, proprietor of a hotel adjudged to be a continuing public nuisance, from operating the hotel, did not, by refraining from limiting the prohibition to specific wrongful acts found to have been committed, exceed its authority; since while ordinarily a public nuisance of such character should be abated through merely prohibition of things rendering the building a nuisance, yet when facts disclose such procedure has been found unavailing, courts should take such steps within equity power as will effectually end the nuisance; which power is possessed by the courts.

6.   Courts—Jurisdiction to Enjoin Public Nuisance—Hotel as Bawdy House—Authority to Enjoin, Statutory Sources.

The circuit court, in rendering judgment permanently prohibiting by injunction continued operation of a hotel, operated by its proprietor as a bawdy house adjudged to be a continuing public nuisance, did not derive its authority from Laws 1913, Ch. 123, providing for enjoining and abating houses of lewdness, etc.; but such authority is found in Civ. Code, Sec. 2400, providing in part that a remedy against public nuisances is abatement.

7.   Nuisance—Hotel Kept as Bawdy House, Unlawful Sale of Liquors Therein to Adults and Young—Drunken Revelries— Whether a Statutory Nuisance?

A hotel building, commonly operated by its proprietor as a bawdy house and for unlawful sale therein of intoxicating liquors which were distributed throughout the building to men and women and young boys and girls; the drunken revelries therein being disturbing to neighbors and the public generally, is a public nuisance under Laws 1907, Ch. 178, authorizing certain cities and towns wherein by vote sale of intoxicating liquors at retail has been prohibited, to restrain, prohibit and suppress vending, etc., of spiritous liquors, etc., and declaring such places to be public or common nuisances.

8. **Evidence—Hotels, Operation of for Unlawful Drinking, Forbidden Love, As Nuisance—Judicial Notice of—Rule.**

The Supreme Court will not take judicial notice that all hotels of this state are common nuisances, by reason of the fact that to some extent, they are or may be used for gambling, drinking and forbidden love; nor that, for every breach of law, even though it renders a hotel a nuisance under statute or common law, it will be reasonable to abate such nuisance by closing its doors to the public. **Held** however, that when a place of business is held out to the public as a hotel, into which all classes of people are at liberty to and are invited to come, into which the unsuspecting stranger, the unsophisticated boy or girl may be entrapped, when such place is in reality a bawdy house of lowest order, with unusual indulgence in intoxicating liquors commonly pertaining to such place, and wherein the health of the innocent is imperiled through danger of contact with articles or of breathing air laden with disease germs of foul and dangerous nature, and when such place has become a menace to health and public morals, the proprietor having bade defiance to ordinary remedies applied by courts for abatement of such nuisances:—then courts are justified in applying remedies, however drastic, within their equity powers and deemed necessary to accomplish the end sought.

9. **Injunctions—Enjoining Hotel as Nuisance—Financial Loss as Consequence, Materiality.**

That appellant, who as proprietor of a hotel has been enjoined from continuing its operation as a bawdy house and for unlawful sale of intoxicating liquor, etc., may suffer financial loss as an incident to being so forbidden, is immaterial; since under such injunction money loss naturally results, but it comes, not as punishment, but as incidental to necessary protection of the body politic.

Gates, J., and Smith, J., concurring specially.

Appeal from Circuit Court, Codington County. Hon. CARL G. SHERWOOD, Judge.

Action by the State of South Dakota on the relation of A. J. Haugan, State's Attorney of Codington County, S. D., against E. L. Denis, to enjoin continued operation of a hotel of which defendant was proprietor. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Sherin & Sherin,* for Appellant.

No appearance for Respondent.

(1) To point one of the opinion, Appellant cited: Code Civ. Proc. Sec. 244; Volume 2, Bouvier's Dict. 1187; Black Law Dict. 1209; 7 R. C. L., page 992; 5 Mass. 436; 116 U. S. 642;

Book 29 Lawyers Ed. 761; State v. Montgomery, 8th Kan. 351; Sawyer v. Bryson, 12th Kansas.

(5) To point five of the opinion, Appellant cited: State v. Bossinghman, (S. D.) 152 N. W. 285; Laws 1907, ch. 172; State v. Nelson, (N. D.) 99 N. W. 1077; State v. Bennett, et al., (N. D.) 163 N. W. 1063.

WHITING, P. J. This cause is now before us upon appeal from the judgment referred to in State ex rel. Haugan v. Belatti et al., 38 S. D. 410, 161 N. W. 614. Reference is made to the opinions therein, as a reading of same will assist in an understanding of the nature of the cause, and will disclose the material provisions of the judgment from which this appeal was taken. The findings of fact stand absolutely unchallenged, but appellant, the lessee of the hotel building, questions the authority or jurisdiction of the court to enjoin him from using the building as a hotel. Appellant also questions the validity of certain proceedings prior to and leading up to the trial of the issues of fact.

[1] The action was brought in Codington county. Appellant demurred to the complaint. The issue of law upon this demurrer was noticed for hearing before the court in Brookings county. It was there heard on September 12, 1916, but over the objection of appellant. The court overruled the demurrer. There is no question but that the court was fully authorized, under section 245, C. C. P., to hear and pass upon such demurrer, provided only that, at the time of such hearing, the circuit court of Codington county was "in vacation." Appellant contends such court was not "in vacation" because this hearing was had during a period of adjournment of the regular term of court of Codington county, which had adjourned from August 29th to October 3d. Appellant contends that the word "vacation" as used in said section 245, C. C. P., should be limited to the common-law definition of "vacation," the period from the end of one term to the beginning of another. We do not think such a limited meaning is consistent with the theory upon which our system of courts and their work is based. The word "vacation," when applied to our circuit courts, should include any period, whether one day or more, during which court might legally have been held, which period elapses between one day's session of court and another day's session, even though both of such days may be

days of the same term. Conkling v. Ridgely & Co., 112 Ill. 36, 1 N. E. 261, 54 Am. Rep. 204; Thompson v. Benepe, 67 Iowa, 79, 24 N. W. 601; Himmelberger H. L. Co. v. Keener, 217 Mo. 522, 117 S. W. 42; Coe, Sheriff, v. Hallam, 173 Ill. 461, 50 N. E. 1072.

[2]   At the time of overruling the demurrer, the court entered an order, granting appellant ten days in which to answer. Upon the same date, there was issued what purported to be a "court" order, calling a special term of court in and for Codington county for the trial of the issues of fact in this case. The date thus fixed for said trial being October 3d, which, as above noted, was a day of the regular term of court in and for Codington county. Over objection of appellant, such trial was held, commencing on October 3d. Appellant contends that, under our Constitution and statutes, the order calling the "special term" was invalid because a "court" order. We deem it unnecessary to consider such contention. This cause was tried on a day of the "regular term" of the proper court; a sufficient notice of trial was served; and, there being nothing in our statutes preventing the circuit court from trying causes wherein issues are joined after the term commences, this cause was properly tried, even though the order calling a "special term" was invalid.

[3]   Coming now to the merits of the appeal. Appellant, under the guise of conducting a hotel in a large hotel building situated in almost the very center of one of our larger cities, in fact conducted, as his principal business, the lowest kind of a bawdy house with all its usual accessories. At all times of day and night, including Sundays, intoxicating liquors were unlawfully sold and distributed throughout the building, not only to men and women, but to young boys and girls. This building was resorted to as a bawdy house and assignation place by both white and black prostitutes, and by prostitutes and men filthy and diseased, who were a menace to the public morals, safety, and health of the community. The drunken revels of intoxicated men and women disturbed the neighbors and public generally. Appellant himself kept and maintained such prostitutes for purposes of lewd, immoral commerce, and he himself solicited illicit commerce between them and men. Appellant exacted and received a percentage of the moneys received for such prostitution,

and himself fixed the price and conducted all arrangements and negotiations for same. Such place was so conducted by appellant for a period of some ten months, during the last two of which it was conducted in violation of a temporary writ of injunction issued out of the trial court. All of the above produced a situation and condition offensive to public decency, against the peace and dignity of the public generally, a public nuisance, and a menace to the public morals, health, and safety. All this the trial court found, and from such findings concluded that the building should be abated as a public nuisance, because it was a continuous nuisance, a menace to the morals, health, good order, and economy of the community, concluded that the plaintiff had no adequate remedy at law, and concluded that appellant is an improper and unfit person to manage and operate such hotel.

The judgment, as will be seen from the opinion above referred to, was in effect the abatement of the nuisance, not by the destruction of the building, but by perpetually enjoining appellant from transacting any business in the same.

[4] Appellant urges as error the failure of the court to formally adjudge the premises to be a nuisance. There is no assignment of error presenting such claimed defect.

[5, 7] Appellant contends that the court exceeded its authority in prohibiting appellant from maintaining these premises as a hotel; that it could at best but restrain the wrongful acts found to have been committed; and this contention is put forward in spite of the fact that it appeared that he had been, for two months, continuing these unlawful practices in violation of an injunctional order issued by the court. It is clear that, to sustain appellant's contention, it must be conceded that our courts are powerless to effectually control such a situation, except it be by means of and through judgment abating the nuisance by directing some officer to close or destroy the building. It is clear—in fact stated by the trial court—that such court did not derive its authority to render its judgment from any special law such as chapter 123, Laws 1913. The authority of such court must be found in the general authority of courts to abate public nuisance as provided in section 2400, C. C. This house of ill fame wherein intoxicating liquors were sold was, under the express provisions of chapter 178, Laws 1907, a public nuisance. That

this nuisance can be abated is clear.    State ex rel. Beck v. Bossingham, 35 S. D. 355, 152 N. W. 285.    How shall it be abated?    We are of the opinion that each case must stand upon its own facts, and that, while ordinarily a public nuisance of this kind should be abated through the mere prohibition of those things that render the building a nuisance, yet, when the facts disclose that such procedure would be or, as in this case, has been unavailing, the court should take such steps within its equity powers as will effectually put an end to the nuisance; and certainly our courts are not without the necessary power to accomplish this end.

Appellant has cited to us the late case of State v. Bennett (N. D.) 163 N. W. 1063, L. R. A. 1917F, 1076.    We do not know the motive prompting such citation, unless it was to call our attention to the following words found in the opinion of Justice Robinson:

"Shall we say that the McKenzie Hotel is a common nuisance, and that it should be closed * * * by reason of the fact that, to some extent it is or may be used, as all hotels are used, for gambling, drinking, and forbidden love?"

[8]    This court will not take judicial notice that "all hotels" of this state are subject to the above indictment, and we trust that the above charge would apply to but few.    Neither do we hold that, for every breach of the law, even though it should render a hotel a nuisance under our statute or at common law, it would be reasonable to abate such nuisance by the closing of its doors to the public.    But we do hold it to be the law of this state that, when a place of business is held out to the public to be a hotel, into which all classes of people are at liberty to and in fact are invited to come and into which the unsuspecting stranger, the unsophisticated boy or girl, may be entrapped; when such place is in reality but a bawdy-house of the lowest order, with the usual indulgence in intoxicating liquors that commonly pertains to a bawdyhouse; when such place is one where, even if the innocent are not beguiled into wrongdoing, yet their very health is imperiled through danger of coming in contact with articles, or of breathing air, laden with disease germs of the most foul and dangerous nature; when such place has become a stench in the nostrils of all decent people and a menace to the health

15—Vol. 40, S. D.

and morals of the public; and when the party maintaining such nuisance bids defiance to the ordinary remedies applied by courts for the abatement of such a nuisance—then the courts are justified in applying such remedies, howsoever drastic, that lie within their equity powers and that seem to them necessary to accomplish the end sought. We believe that the trial court took the only efficient means to meet the conditions confronting it.

[9] That appellant may suffer a financial loss as an incident to being forbidden to continue in the public use of this building is a matter entitled to little consideration. Whenever the civil power of the state enjoins one from the carrying on of a business or the pursuing of a profession, money loss naturally results, but it comes, not as a punishment, but as an incident to the necessary protection of the body politic.

The judgment appealed from is sustained.

GATES, J. (concurring specially). I concur in the opinion and in the propriety of the judgment because the unchallenged facts clearly warrant such judgment, but I do not agree that the trial court's conclusion of law, to the effect that Denis was an unfit person to manage or operate the hotel, was entitled to any weight in the determination of what the judgment should be, nor do I concede the correctness of the view expressed in the minority opinion, when the case was before us at a former time, to the effect that courts have authority to pass upon the qualifications of hotel keepers. The assertion of such authority implies the right of courts to abate a person instead of a condition. Bad as the character of appellant is shown to be, I do not believe authority exists in the judiciary to enjoin him from engaging elsewhere in the hotel business.

SMITH, J., concurs.