## THE FIRST NATIONAL BANK OF OTTAWA
### v.
### SUSANNA DALY.

*Judgments—Confession before Clerk—Practice Act, Sec. 66—Vacation.*

The period of the adjournment of one of the Circuit Courts from Thursday forenoon until the succeeding Monday is to be considered a vacation within the meaning of Sec. 66 of the Practice Act, and a confession of judgment entered within that time before the clerk of the court is valid.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of La Salle County; the Hon. DORANCE DIBELL, Judge, presiding.

Mr. LORENZO LELAND, for appellant.

We have the well settled law that the clerk can not enter a valid judgment in term time (Anderson v. Field, 6 Ill. App. 307), and the decision of a divided court that an adjournment of thirty-two days will be construed to be vacation for the purpose of allowing the clerk to enter judgments. Conkling v. Ridgley, 112 Ill. 36; Field v. Ridgley, 116 Ill. 424.

The question, then, is, whether a short adjournment, as in the present case, is term time or vacation. The length of the adjournment, accurately, was from Thursday forenoon to the following Monday forenoon. Court was in actual session on Thursday and on Monday, so that Friday and Saturday were the only days when court was not in actual session. Appellee's judgment was entered on Saturday. It is a very common thing for courts to be adjourned on Saturday, for the convenience of witnesses, jurors and others. If this adjournment was vacation, then, on principle, all adjournments, however short, would be vacations. Whenever parties, for any reason, prefer to avoid the publicity of open court or the scrutiny of the judge, they could wait till court adjourned temporarily, and enter the judgment before the clerk. In other words, the clerk would have authority to enter judgment at any time when court was not in actual session, and there would be practically no difference between an adjournment and a vacation. Every day the exact hour and minute of the openings and adjournments of court must be noted and also the exact hour and minute of the entry of a judgment by the clerk, on confession, so as to establish the validity of the judgment.

It may be that an adjournment for a period of thirty-two days was so long and ill-advised as to make it necessary to construe it as embraced within the meaning of the legal term "vacation," in the particular case referred to. But we insist that it is an unwarranted enlargement of the well-recognized meaning of the word "vacation" to make it include all the various adjournments which may take place during a term of court, whether such adjournments are for a few hours, or from day to day, or for several days.

Such radical change in the generally accepted meaning of the word "vacation" seems to be uncalled for, as judgments by confession on judgment notes are already so expeditiously and so easily obtained, that a man who has given a judgment note never knows when he is safe from a judgment and execution thereon.

Messrs. FOWLER BROTHERS, for appellee.

LACEY, J.   The Circuit Court of La Salle County having been in session for some weeks and being still in session on Thursday, December 8, 1888, adjourned on the forenoon of that day till Monday, December 12, 1888.   The principal cause of the adjournment was the death of E. F. Bull, a prominent attorney of that court whose funeral took place on Friday, the following day, December 9th, and which the judge and lawyers of that court attended in a body.   The funeral being Friday, the judge, having finished a jury trial on Thursday, considered it unadvisable to take up any new cases until Monday following, and so dismissed the jury and adjourned court until Monday, when it opened and continued in session, except necessary adjournments, for about three weeks before adjourning for the term.   On Saturday, December 10th, while court was adjourned, Susanna Daly, the appellee, took judgment by confession before the clerk of the court against James Baker and J. R. Daly for the sum of $2,628.48 and costs of suit. The clerk immediately issued execution thereon, which was placed in the hands of the sheriff, and he, by virtue thereof, levied on the property of the defendants in the execution, consisting of a stock of groceries.   On the same day appellant obtained a judgment, to which there is no objection, against the same defendants, in the County Court of the same county, while the same was in session, for $515, and execution was duly issued thereon, and also placed in the hands of the sheriff on the same day, but subsequently to the first above named execution of appellee, and a levy made on the same stock of goods subsequently to the levy of appellee.   The sheriff proceeded to sell the goods so levied upon and realized from the sale the sum of $1,729.56, after the payment of his expenses and costs.

On the 28th day of December, 1888, appellee, by her attorneys, moved the court for rule on the sheriff to show cause why he should not pay over to her the proceeds of the sale under the execution issued on her judgment.   On December 29, 1888, the appellant made a motion asking for rule on the sheriff and appellee to show cause why the judgment entered in her favor should not be vacated and set aside as to the judgment of the appellant.

The motion of the appellant was denied and the motion of appellee allowed, and the sheriff was ordered to pay over to her the proceeds of the said sale except costs and expenses, to which ruling of the court the appellant at the time excepted, and brings the case here by appeal, asking a reversal of the order of the court.

The only question presented here is whether the judgment of the appellee was invalid because confessed during the adjournment of the Circuit Court and before the clerk alone. Does the confession of the appellee's judgment at the time and in the manner it was done come within the provisions of Sec. 66 of the Practice Act, Revised Stat. Ch. 110 ?

And this is now the question we will proceed to consider.

The section in question provides as follows, viz.: "Any person for a debt *bona fide* due may confess judgment by himself or attorney duly authorized, either in term time or vacation, without process. Judgments entered in vacation shall have like force and effect, and from the date thereof become liens in like manner and extent as judgments entered in term."

The question here is whether an interim during an adjournment of the Circuit Court for two judicial days can be called a vacation within the meaning of the statute. It is contended on the part of the appellant that it can not be regarded as vacation.

On the other hand it is insisted by the appellee that this time should be considered a vacation.

Fortunately the question of what is vacation has received a very careful consideration by the Supreme Court in Conkling v. Ridgley, 112 Ill. 36, and the same principle has been affirmed in Field v. Ridgley, 116 Ill. 424.

The question in the first named of the above cases has received so careful and able a discussion at the hands of the judge who wrote that opinion that there remains little to be said on the question, and we will not attempt any extended discussion here. Suffice it to say, it is established by the opinion in that case that the narrow definition of the common law as to the meaning of the word vacation is not to be

followed, but a meaning is given to the word used in the statute more in accordance with our circumstances and the particular frame-work of our practice act ; and the hardships and mischiefs intended to be remedied by the statute which existed prior to its passage are appropriately considered in its interpretation.    The act is remedial and was intended to give creditors extended facilities for the taking of judgments to those that existed prior to its passage, and should be liberally construed in order to afford the advantages that were intended by it.    Under Sec. 18 of the act of February 22, 1872, called the practice act, power was conferred on the Circuit Courts to adjourn court to any day not beyond the first day of the next term as fixed by statute, and this virtually made a term of court to extend from the day of commencement to the next term in course, provided the judge saw proper to adjourn the term to a time immediately preceding the commencement of another fixed term.    In such a case, according to the rule contended for by Conkling's attorneys in the above case, that there could be no vacation until the term was adjourned *sine die*, there would be no vacation at all unless the judge saw proper to create one by making a final adjournment before the new term commenced as fixed by statute, though, in fact, court might not be in session for most of the time during the interim from the commencement of one term to that of another as fixed by statute.    Thus there might not be either vacation or court in session, and during this anomalous condition no judgment could be taken.

The Supreme Court saw the absurdity of giving the act in question such an illiteral and narrow construction, and gave it the more reasonable and logical one called for by the spirit of the act itself.    In the Conkling case, *supra*, there intervened some thirty-two days between the time the court was adjourned to the day to which it adjourned.

In the case at bar only two days intervened and it is insisted that the rule should not be allowed to extend to cases where there is so short a time.    But when the construction is once admitted that vacation means the interim between an adjournment and the day fixed, it is hard to make an arbitrary

rule in regard to the duration of the vacation and especially as the statute fixes none. It may be just as important for a creditor to have a judgment confessed in vacation where there is one day of vacation as where there are thirty or one hundred. Certainly it is not that it is contrary to public policy, discouraging the confessions of judgments in vacation, that requires so restricted a rule, or else no statute of the kind would ever have been passed allowing it. The court, in expressing its opinion in the Conkling case above cited, holds this language: "We would not be understood as holding that under this act, vacation means all the time the court is not in actual session, or that it embraces the time of adjournment from day to day," etc. We do not understand by the above language the court means to say that it would not be vacation where a judicial day or days intervene between the adjournment and the day fixed for convening the court. It is only the fractional days of vacation where the court adjourns from day to day that is meant, and possibly non-judicial days. We are unable to restrict the operation of the statute in regard to the duration of the term of vacation. In vacation judgments may be confessed before the clerk. The order of the court was correct in requiring the proceeds of the sheriff's sale of the goods to be paid over to appellee on her prior judgment and execution. The order of the court below is therefore affirmed.

*Order affirmed.*