## Susan G. Hallam v. Thomas W. Coe.

1. JUDGMENTS—*Lien of—Sec. 1, Chap. 77, R. S., Construed.*—Under
Sec. 1, Chap. 77, R. S., providing that "there shall be no priority of the
lien of one judgment over that of another rendered at the same term,"
judgments by confession entered before the clerk as in vacation during
an intermission stand on the same footing as judgments rendered by the
court during the term either before or after the intermission.

Petition, for rule on sheriff as to distribution of the proceeds of a
sale. Error to the Circuit Court of Livingston County; the Hon.
CHARLES R. STARR, Judge, presiding. Heard in this court at the
December term, 1897. Reversed and remanded with directions. Opin-
ion filed February 28, 1898.

### STATEMENT OF THE CASE.

The October term, 1891, of the Circuit Court of Livings-
ton County was adjourned from October 31st till Novem-
ber 16th, and on the latter day the business of the term was
resumed. On November 9th, during said intermission, five
judgments by confession were entered in said court against
B. A. Harding before the clerk, as in vacation, and execu-
tions thereon were that day issued and placed in the hands
of the defendant in error, sheriff of said county. On

November 11th, another judgment against Harding was confessed in said court and execution issued thereon. On November 13th, said Harding confessed a judgment in said court in favor of plaintiff in error, and execution was issued thereon November 16th. Under said executions the sheriff levied upon and sold personal and real estate of Harding. The amount realized was insufficient to pay the executions placed in the hands of the sheriff November 9th, and he refused to pay any part thereof to plaintiff in error upon her execution. She then filed a petition in said court for a rule upon the sheriff to apply said moneys upon her execution. The sheriff answered and there was a hearing, and the court denied the petition. Plaintiff in error preserved the evidence in the record, and within five years after the order denying said petition sued out this writ of error to reverse the same.

A. C. NORTON, attorney for plaintiff in error.

REEVES & BOYS, and A. P. WRIGHT, attorneys for defendant in error.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

Section 65 of the Practice Act authorizes the confession of judgments in term time or vacation, and provides that judgments entered in vacation shall have like force and effect, and from the date thereof become liens, in like manner and extent as judgments entered in term. In Conkling v. Ridgely & Co., 112 Ill. 36, two quite different meanings of the word "vacation" were recognized—the strict definition being, "All the time between the end of one term and the beginning of another;" and the broader and more liberal meaning being, "Intermission of judicial proceedings; the recess of courts; the time during which courts are not held." The court there held said section of the practice act was a remedial statute and should be so construed as to advance the remedy; that it was important to the value of the remedy that judgments might at all times be confessed either

Hallam v. Coe.

before the clerk or the court; and that interpreting said section in this spirit the broader definition of "vacation" should be adopted, and that for the purpose of confessing judgments a protracted recess of the court when no judge is present should be considered as vacation, and judgment could then be confessed before the clerk as in vacation. This conclusion was adhered to in Field v. Ridgely, 116 Ill. 424, and was applied in First Natl. Bank v. Daly, 34 Ill. App. 173. All the judgments against Harding here in question were therefore confessed in vacation within the meaning of Sec. 65 of the Practice Act.

Section one of our statute upon judgments provides that a judgment in a court of record shall be a lien upon the real estate of the debtor in the county from the time the same is rendered, and that there shall be no priority of the lien of one judgment over that of another rendered at the same term of court or on the same day in vacation. If within the meaning of that statute the recess of the Livingston Circuit Court, above referred to, was a vacation, then plaintiff in error did not recover her judgment on the same day in vacation as said prior judgment creditors, but on a later day in vacation, and therefore they had a prior lien upon the real estate of Harding. If the word "term" in this statute is to be interpreted as including all the time between the opening of the term and the final adjournment of the court for that term (which is its ordinary meaning), and if the word "vacation" be given the more restricted meaning above referred to (as would seem necessary to make it harmonize with the ordinary meaning of the word "term" in the same sentence), then all these judgments were rendered at the October term of said court, and there is no priority of the lien of one over the other, but they are entitled to share *pro rata* in the proceeds of the sale of real estate. It is in the latter sense Bouvier defines the word "term" when he says, "In the computation of the term, all adjournments are to be included." Leib v. Commonwealth, 9 Watts, 200; Anderson's Law Dictionary, title, "Term." It does not necessarily follow because the word "vacation" was

entitled to a liberal interpretation in section 65 of the
Practice Act to facilitate the remedy of obtaining judgments
by confession at all times, that it must also receive a like
interpretation wherever used in other statutes.   The reason
which led to the conclusion adopted in Conkling v. Ridgely,
*supra*, does not apply to the lien of judgments.   The reason
of the law being changed, the law is also changed.   2 Bou-
vier's Law Dictionary, 145, title, "Maxim;" Broom's Legal
Maxims, 159.   In determining whether a judgment recovered
in a recess of court between the first and last days of the
term is a term or a vacation judgment, within the meaning
of the words "term" and "vacation" as used in the stat-
ute relative to the lien of judgments, we must not only have
in mind the contingencies of the present case, but must adopt
a rule which will carry the intent of the statute into effect
in other cases which might arise.   A case might easily occur
where one judgment would be recovered in the first part of
the term, another thereafter during the recess, and still
another after the reconvening of court, all against the same
defendant, and between the opening of the term and its
adjournment *sine die*.   Under the statute last referred to
there would be no priority of lien between the first and last
of these judgments entered while the court is in session, but
they would share *pro rata* the proceeds of real estate of the
defendant; but if a judgment entered in the recess is a vaca-
tion judgment, within the meaning of said statute, it would
have priority over the last judgment of the term because
rendered at an earlier day, and the provision of the statute
which entitles judgments rendered at the same term to share
*pro rata* would be nullified.   Much confusion would result
from such a construction, and we think it would defeat the
legislative intention embodied in said section one of the
statute relating to judgments.

We are therefore of opinion that the liberal interpretation
of "vacation" adopted in Conkling v. Ridgely, *supra*,
should be confined to the contingency which called for it,
namely, the commercial necessity of allowing judgments to
be confessed at all times, either before a court in session or

a clerk as in vacation, and that the statute here drawn in question should be interpreted in the usual sense of the words " term" and " vacation," the former as including all the time between the opening of the term and its adjournment without day, and the latter as meaning only the time between the final adjournment of one term and the opening of the next. These judgments will thus be given the same lien they would have had if the accident of the court taking a recess had not occurred, and they will share *pro rata.* Under the construction we adopt, plaintiff in error was entitled to share with the other execution creditors *pro rata* the proceeds of real estate on execution, and it was error in the court below not to grant her petition to that extent. This does not apply to the proceeds of the sale of personalty. The executions became liens thereon in the order they reached the hands of the sheriff. The order of the court below is reversed and the cause remanded, with directions to enter an order in conformity with this opinion.

Reversed and remanded with directions.