## LUDLAM v. BRODERICK.

Depositions will be received in evidence, though the interrogations annexed to the commission, are signed by the attorney, and not by the party or his counsel in the cause; and though the commissioner took his oath of office, before a person who calls himself "one of the peace of the county;" and though there is a misnomer in the direction of the commissioner, if his return reaches its proper destination. If the commissioner certifies in his return, that previous to entering upon the duties of his office, he had taken the oath prescribed by our law, before a person authorized to administer an oath in the place of his residence; it is sufficient. Notice to the attorney of taking depositions under the statute, *Rev. Laws,* 437, is sufficient; the cautioning need *not to appear on the face* of the depositions, and the Judge to whom application is made, is to judge of the reasonableness of the notice.

If a party seeks the opinion of the court, as to the competency of a witness, or the legality of any part of his testimony, he must object in the court below, and embrace it in the bill of exceptions, which does not draw the whole matter into examination, but only the point on which the exception is taken.

An action of trover was instituted in the Common Pleas of Cape May, by John Broderick against Henry Ludlam, Jr.

On the trial, to support the issue on his part, the plaintiff offered to read and give in evidence, "a certain commission issued out of the said court, in the said cause, for the examination of witnesses, on the application of the plaintiff, interrogatories thereto annexed, and the depositions and return made thereto by the said commissioner therein named." The competency

Ludlam *v.* Broderick.

of which, was objected to by the defendant, the objection over-ruled by the court, and the papers read in evidence to the jury. A bill of exceptions was prayed for and sealed.

A verdict was rendered for the plaintiff, and judgment accordingly. The judgment was removed into this court by writ of error.

*Southard*, for plaintiff in error.

*L. Q. C. Eliner*, for defendant.

The opinion of the court, was delivered by the Chief Justice.

HORNBLOWER, C. J. This was an action of trover, for a quantity of cedar logs, &c. The errors assigned, relate first to the form and manner in which the commission sued out by the plaintiff, to take the deposition of certain witnesses, had been executed; and 2dly, to the admissibility of the evidence contained in the depositions themselves.

Special statute provisions, in derogation of the common law, must be *strictly* pursued. But what is a *strict* observance of them, is still a question of construction; and in giving that construction, (especially in the case of remedial statutes, of which this is one) we must not adhere so rigidly to the letter, as to defeat the beneficial intent of the statute. So far as the legislature has thrown guards and restrictions around the proceeding, we must observe them, and neither break down the one nor overleap the other; nothing is to be left to inference but if every thing has been done, and done in the manner substantially required by the statute, it is sufficient. Let us then examine the first class of errors, in view of these principles.

It is objected—1st, That the interrogatories annexed to the commission, were signed by "L. Q. C. Elmer, attorney for the plaintiff," and not by the *party*, or *his counsel in the cause.* *Rev. Laws*, 437, 8. It is insisted that though an attorney may act for a party, yet where the statute directs a thing to be done "by the party," an attorney can not do it. This may be true in cases where from the nature of the thing to be done or the peculiar phraseology of the statute, it is manifest that the legislature intended the act should be done in person. *Qui*

*facit per alium, facit perse,* is a maxim of such familiar and universal application, that it is never doubted but a party may do by his attorney, whatever he himself is authorized or required to do in the prosecution of a suit, unless restrained by statute. The first section of the practice act, *Rev. Laws,* 413, authorizes any person of full age to appear and prosecute, or defend in person or by his attorney ; and then in a variety of places, *see sections* 37, 58, 60, 79, *&c.* proceeds to direct that the *plaintiff* or the *defendant* shall do certain things; and no question is made but that they may be done by the attorney.

This part of the statute under consideration, is purely directory. It says, the interrogatories "shall be *drawn and sign'd* by the parties or their counsel in the cause." Whoever may *draw,* may *sign* the interrogatories ; we cannot separate the two things. If we suppose the words "by the parties or their counsel," refer to the *signing* and not the *drawing,* then the legislature have used unnecessary words. It would have been sufficient to say, that the interrogatories should be "signed," &c. for they could not be signed until they had been drawn. But can we suppose the legislature intended to restrict the *drawing* of the interrogatories to the *hand* of the party, or of a counsellor of this court? And yet, if the objection is a valid one, it would be equally fatal, if it could be shown that the party had employed any clerk, attorney or scrivener, to *draw* the interrogatories, other than one who was his *counsellor in the cause.* Nor are we to suppose, that the legislature intended to use the word "counsel" in this place, in that peculiar and restricted sense, in which it is used at Westminster Hall, in distinction from attorney. In our courts, a man's attorney is usually his counsel; even though he is not a counsellor of this court. But in the present case, the attorney whose name is appended to the interrogatories, is a counsellor of this court, and we may judicially take notice of the fact. The case of *Middleton* v. *Taylor, Coxe R.* 445, and *Arnold* v. *Renshaw,* 6 *Halst.* 317, are relied upon in support of this objection, and it must be admitted, that they give countenance to it. But I am not disposed to carry the rule prescribed in those cases, any further than they have gone. It is true in the latter

Ludlam v. Broderick.

case, the court go upon the ground, that the term "party" is used in reference to the principal, and *not the attorney ;* and they cite the very passage now under consideration, as an instance of such use of the term. But it was only *arguendo,* and ought not to be considered as settling the construction of this part of the statute. Nor is the argument of the court in that case, strengthened by a reference to the use of the term "party" and "attorney" in the practice act, for in the 79th *Sec. Rev. Laws,* 424, it is enacted "that the *plaintiff* shall endorse on every *ca. sa.* before the delivery thereof to the Sheriff, the real debt, &c." and yet it is always done by the attorney, and not by the plaintiff. The decision in that case may be right, and yet not govern the question now before us. My opinion is, that in this particular, there is no error. In the case of *Den* v. *Tuers,* tried at the Bergen Circuit in October term, 1823, Chief Justice Kirkpatrick ruled, 1st, That notice to the attorney, of taking depositions under the statute is sufficient; that the attorney is supposed to be cognizant of his client's case and capable of examining the witness—2dly, that the cautioning need not to appear on the face of the depositions ; the statute in that respect being merely directory—and 3dly, That the Judge to whom application is made, is to judge of the reasonableness of the notice. I have a note of the case, and though the decisions were adverse to my client, I did then, and do now think them correct.

2d. It is objected that it does not appear that the commissioner took the oath or affirmation required by the statute, before any person authorized to administer the same. *Har. Comp.* 11. If a commissioner certifies in his return, that previous to entering upon the duties of his office, he had taken the oath prescribed by our law, before a person authorized to administer an oath in the place of his residence, I should hold it sufficient. He is *pro hac vice,* an officer of the court, and is supposed to have been selected by the parties, and appointed by the court, with special reference to his intelligence and integrity. What he certifies therefore, in his return to the writ, is to be taken *prima facie* at least, to be true. In opposition to this it is argued, that the commissioner is required to be

Ludlam *v.* Broderick.

sworn, because the law will not rely on his fidelity, when not under oath; if therefore, we receive his own certificate as sufficient evidence that he was duly sworn, we gain nothing. But if we are to go back of the certificate of the commissioner, for the evidence that he was duly sworn, we must for the same reason, go back of the certificate of the person before whom he was sworn, or otherwise we shall after all, have only the unauthenticated word of the officer, who may be entirely unknown to us; and then the question arises, where are we to stop? It was fortunate I think for the counsel, that he did not feel himself bound to answer this question. But in this case it does not depend upon the veracity of the commissioner. It appears by the certificate of a person who calls himself "one of the peace of the county of, &c." and who says he is authorized by law to administer an oath, that the commissioner before he proceeded to examine the witnesses, made oath before him, that he would faithfully, fairly and impartially execute the commission; which certificate is signed by the commissioner and by the person before whom the oath was taken. To this however, it is objected that "one of the peace" is not a description of any officer known in the law. But we may most reasonably suppose that the word "Justice" was unintentionally omitted in this description of his official character, or else that the expression "one of the peace" is an abbreviation of the title of a Justice of the Peace, peculiar to that part of the country in which the commissioner resided. I am therefore of opinion, that the objection on this ground is not sustained.

3d. It is objected that the commissioner has not added a *jurat* at the close of the examination of each witness. But this objection is not founded in fact. The commissioner has added at the end of each examination, a full and unnecessarily long certificate, under his hand and (what in Virginia is) his seal, stating when and where the deposition was taken, that the witness swore to the truth of the facts stated in it, and subscribed his name thereto in his presence. This was sufficient.

The 4th and 5th objections are, that it does not appear that the witnesses were examined upon oath, administered *by* the commissioner, nor that the witnesses were *examined by him,*

---

Ludlam *v.* Broderick.

---

nor that *he caused* the examinations to be reduced to writing. These objections I think are equally unfounded in fact. In the certificate added to each examination, the commissioner has certified, that it was taken *at his office,* on the 17th January 1834, that the witness swore to the truth of the facts stated in the deposition, and subscribed his name thereto *before him,* and in his presence, on the same day. The words "before me" at the end of this certificate, are equivalent to the expression "by me," and they refer to all that precedes.

If then the Commissioner has certified the truth, the witnesses were sworn, *by him,* and the depositions were *taken by him. Taking a deposition,* if not, *ex vi termini,* yet in a sufficiently plain and intelligent sense, includes, examining the witness and writing down his answers, or *causing* them to be written. This is written. This is not inference. It is the conclusion of law upon the facts stated by the Commissioner. We cannot imagine that the oaths were administered, the witness examined, and the deposition " taken or caused to be written down," by some other person, without doing violence to the language of the Commissioner—and imputing to him an intention to impose on the court. This case is very different from that of *Bailis* v. *Cochran,* 2 *Johns. R.* 417. But the case of *Bolte* v. *Van Rooten,* 4 *Johns. R.* 130, also cited by the plaintiff's counsel, is strongly against him.

The 6th and 7th objections are, that the commission was not returned under the hand and seal of the commissioner "—and that it was not properly directed. The act directs, 2nd *Sect. Rev. Laws,* 438, that the commission shall be returned. to the Court, " closed up, and under the hand and seal of the commissioner."

To each of the certificates spoken of before, the commissioner has annexed to his signature, a scroll for a seal, and which it is admitted was a seal in Virginia, where the commission was executed. But it is not necessary to decide whether the seal required by the statute, must be what is a seal by our law. The commission was " closed up under his hand and seal." It was sealed on the outside with wax, and his signature placed over, or opposite to the seal. This was a compliance with the statute.

The packet was addressed to "the Judges of the County Common Pleas, Court House, Cape May County." This it is true, is somewhat of a misnomer, but cannot vititate the return. It found its way to the Court of Common Pleas of the County of Cape May, to which it was in substance addressed, and if right in other respects, ought to have been received and read.

The next class of Errors, relate to the contents of the depositions. That much of the testimony contained in them, was improper, I am strongly inclined to believe, but I do not feel myself bound, or even at liberty, upon the bill of exceptions in this case, to enter into an examination of the contents of the depositions, any further than is necessary to ascertain whether any part of the testimony was legal and proper. The only objection taken below, was to the admission in evidence, of *the commission, interrogatories, depositions and return.* And the bill of exceptions was taken to the opinion of the Court, overruling that specific objection. If the commission had been unduly executed or returned it ought no doubt, to have been entirely rejected, without any regard to the evidence it contained. But we have seen that the objections to the manner and form of the execution of the writ, have not been sustained. Still if *none* of the witnesses named in the commission, were competent; or if all the testimony given by them was irrelevant and unlawful, the whole document and all its contents should have been rejected. But that was not the case; the witnesses were competent, and much of the evidence given by them, was legal and proper; had the court rejected the whole evidence, they would have committed an error. The argument of the plaintiff's counsel, that "*an objection to the whole, is an objection to every part*," is mathematically true, but not legally sound. The court overruled the plaintiff's objection; did they err in doing so? Certainly not, unless the whole was unlawful, for the objection went to the whole evidence, and not to any part of it. It is hardly necessary to repeat the rule, that a bill of exceptions does not draw the whole matter into examination, but only the *point* on which the exception is taken. *Cox* v. *Field,* 1 *Green,* 215; *Williams* v. *Sheppard, Id.* 76; *Stranger*

v. *Young,* 5 *Peters'* R. 237 ; *Van Gorden* v. *Jackson,* 5 *Johns. R.* 467 ; *Friar* v. *Jackson,* 8 *Johns. R.* 508. If therefore, the party had desired to have the opinion of the court, upon the competency of any of the witnesses, or the legality of any part of their testimony, he should have put his finger on the witness or evidence objected to, and moved to have it overruled or suppressed. If the whole testimony taken under a commission, is to be rejected, because one witness is incompetent, or one fact testified to, irrelevant or unlawful, it would virtually amount to a repeal of the statute. I am therefore of opinion, the judgment ought to be affirmed with costs.

FORD, J. and RYERSON, J. concurred.

*Judgment affirmed.*

CITED in *Oliver* v. *Phelps, Spencer,* 183 ; *Burley* v. *Kitchel, Id.* 306; *Graham* v. *Whitley,* 2 *Dutch.* 257 ; *Associates of Jersey Co.* v. *Davison,* 5 *Dutch.* 418 ; *Perrine* v. *Serrel,* 1 *Vr.* 460 ; *Den* v. *Lloyd,* 2 *Vr.* 397 ; *N. J. Espr. Co.* v. *Nichols,* 4 *Vr.* 436 ; *Dock* v. *Elizabethtown Steam Mfg. Co.,* 5 *Vr.* 315.