## CITY OF HURON v. BANK OF VOLGA.

A municipal corporation, in the exercise of a granted power to "restrain, prohibit, or suppress" a public nuisance, may, under proper circumstances, invoke the aid of a court of equity.

(Syllabus by the Judge.    Opinion filed April 9, 1896.)

Appeal from circuit court, Beadle county.   Hon. A. W. CAMPBELL, Judge.

Action to abate a public nuisance.   Plaintiff had judgment and defendant appeals.   Affirmed.

The facts are stated in the opinion.

*T. H. Null,* for appellant.

"Though the jurisdiction of equity in restraining a public nuisance is well established, it will not be exercised where the object sought can be as well attained in the ordinary tribunals, unless upon the application of one who suffers a personal injury aside from the injury to the public."   1 High on Injunc. 761. See also City of Ottumwa v. Chinn, 39 N. W. 670.

*A. W. Wilmarth,* for respondent.

"Civil actions also will lie to prevent or abate a public nuisance on behalf of the public by its proper officers."   15 Am. & Eng. Ency. Law 1184-1185; Denver v. Mullen, 7 Colo. 345; 4 Am. & Eng. Cor. Cases 304; New Orleans v. Lambert, 14 La. An. 244; Pine City v. Munch, 42 Minn. 342; Wood on Nuisances 824.

Fuller, J.   The complaint in this action by a municipal corporation against a private corporation to abate a public nuisance alleges, and the specific findings of fact by the court conclusively show, that the Wright House, a large, three-story, wooden structure, owned by the defendant, and situated conspicuously upon a business street in the most densely populated portion of the city of Huron, was badly damaged and partially destroyed by a fire which occurred during the month of March, 1891, and that by reason thereof conditions arose and still exist in and about said structure which endanger the property and lives of the inhabitants of said city.   As the existence of a public nuisance, extremely dangerous and unusually repulsive in character, may well be conceded from the undisputed evidence, further facts will not be recited.   By the decree of the court defendant was directed to tear down and remove its ruined and dilapidated building, and upon failure so to do within 30 days the plaintiff was authorized to tear down and remove and abate the same.   The defendant in the court below, and now upon appeal from the judgment, relies wholly upon the proposition that the corporate authority was without power to maintain the action.   Unless a public nuisance is specially injurious to the private person, the statute authorizing a civil remedy therefor precludes him from maintaining an action, and counsel for appellant maintain that respondent's exclusive statutory remedy is by indictment or abatement.   Comp. Laws, §§ 4688, 4690, Respondent's charter provides that "the city council shall have power to restrain, prohibit and suppress nuisances at common law," and a proper regard for the peace and tranquility of society, as well as the interests of the members thereof, suggests the advantages resulting in a doubtful case from the right of a municipal corporation to obtain a judicial determination of the existence of a public nuisance before proceeding to demolish and destroy a building lawfully erected, which, without fault of the owner, appears to have become menacing and harmful to the inhabitants of a city.   In discussing the question Judge

DILLON says: "As there is in such cases a judicial remedy in favor of the citizen, so, on principle, the right of the corporate authorities to resort at their election to the courts in proper cases to aid them when the citizen is in the wrong, should, in the author's judgment, be also recognized." 1 Dill. Mun. Corp. (4th Ed.) § 379. Judge WOODS observes, in his treatise on the Law of Nuisances, that: "Except in cases of great emergency, when the emergency may safely be regarded as so strong as to justify extraordinary measures upon the ground of paramount necessity, or when the use of property complained of is so clearly a nuisance as to leave no room for doubt upon the subject, it is the better course to secure an adjudication from the courts, before proceeding to abate it." Wood, Nuis. (2nd Ed.) § 744. "A court of equity has jurisdiction to restrain existing or threatened public nuisances by injunction, at the suit of the attorney general, in England, and at the suit of the state, or the people or the municipality, or some proper officer representing the commonwealth, in this country." 3 Pom. Eq. Jur. p. 380. In the following cases it was expressly held that a civil action by the proper officers of a city would lie to abate a public nuisance: City of Denver v. Mullen, 7 Colo. 345, 3 Pac. 693; Village of Pine City v. Munch, 42 Minn. 342, 44 N. W. 197; City of New Orleans v. Lambert, 14 La. Ann. 244; City of Waterloo v. Union Mill Co., 72 Iowa 437, 34 N. W. 197. See also 15 Am. & Eng. Enc. Law, p. 1184. While a private person is not authorized to maintain the action, unless specially injured, a city council, being the governmental agency to whom the inhabitants of a municipality have the right to look in a proper case for protection from the evil effects of a public nuisance, may, when authorized so to do, resort to an indictment, a civil action, or abatement, according to the exigencies of the particular case. In our opinion, Sec. 4688 of the Compiled Laws, when considered with respondent's city charter, reasonably construed, authorizes the corporate authorities to apply, in cases like the present, to a court of equity for aid in the en-

forcement of its granted power "to restrain, prohibit, and suppress nuisances at common law." The judgment appealed from is affirmed.