Town of Britton *et al* v. Guy *et ux.*

Under the statute declaring that places where liquor is sold without license are nuisances, and Rev. Civil Code 1903, §§ 2400, 2403, authorizing public officers to maintain a civil action against a public nuisance, a municipal corporation may enjoin the illegal sale of intoxicants therein, though the voters have not determined against the sale of liquor.

(Opinion filed Jan. 20, 1904.)

Appeal from circuit court, Marshall county; Hon. J. H. McCoy, Judge.

Action for an injunction by the town of Britton and others against John Guy and wife. From a judgment granting the writ, defendants appeal. Affirmed.

*Byron Abbott,* for appellants.

*James Wells* and *Harry E. Phelps,* for respondents.

Fuller, J. Plaintiff, a municipal corporation, is seeking to restrain the illegal sale of intoxicating liquors by the defendant, John Guy, in a certain two-story frame building situated in the town of Britton, and the property of his wife and co-defendant, Annie Guy, with whose knowledge and consent the business of selling at retail is being conducted without a license. That facts sufficient to constitute a cause of action are not stated is the only question presented by this appeal from an order overruling a demurrer to the complaint. The exact point relied upon is the failure to allege that the voters

of the municipality have determined against the sale of intox-
icating liquors.   Whether the defendant, John Guy, has ever
filed a bond, and paid to the county treasurer the license re-
quired by statute, does not appear.   It is alleged, however,
that his application for the license fixed by ordinance was re-
jected by the trustees of the town on the first day of July, 1903.
It is only to persons having a county license that the officers
of a town can grant a license to engage in the business, and
even then it is a matter left to their discretion.   Rev Pol.
Code 1903, §§ 2854, 2855.   Counsel's contention is that the
only authority to restrain and suppress such illegal traffic is
found in section 1546 of the Revised Political Code, which, it
is claimed, applies only to the municipalities having determin-
ed the question of license adversely.   Subdivision 3 of the act
recites that "houses or places wherein spirituous, vinous and
fermented liquors or beer are sold without a license, and tip-
pling houses, are hereby declared to be and shall be deemed to
be public or common nuisances."   It is well settled that the
restraint or abatement of public nuisances at the suit of muni-
cipal authorities is clearly within the jurisdiction of courts
of equity.   Moreover, a civil action is one of the remedies
given public officers against a public nuisance by sections 2400
and 2403 of the Revised Civil Code of 1903.   City of Huron v.
Bank of Volga, 8 S. D. 449, 66 N. W. 815, 59 Am. St. Rep. 769.
A house where intoxicating liquors are sold at retail without a
license having thus been expressly declared to be a public
nuisance independently of the action of the voters, the remedy
by injunction exists, without resort to section 1546, supra, and
the position of appellant's counsel is not maintainable.

The order overruling the demurrer to the complaint is
a     ed.