STATE ex rel. BECK, Respondent, v. BOSSINGHAM, Appellant.

(152 N. W. 285.)

(File No. 3689.    Opinion filed April 27, 1915.)

1. **Intoxicating Liquors—Nuisance—Abatement of—Suit in State's Name by State's Attorney—Statute.**

    Under Pol. Code, Sec. 928, requiring state's attorney to prosecute, on behalf of the state, in actions in which the state or county is interested, and Sec. 942, authorizing state's attorney, in order to protect the interests of the county, to apply to the circuit court for leave to commence an action, he may sue in name of state to abate a liquor nuisance, under Civ. Code, Sec. 2400, authorizing a civil action to abate a public nuisance.

2. **Intoxicating Liquors—Liquor Nuisance—Offense Against Criminal Laws—Right to Enjoin Declared Public Nuisance—Statutes.**

    While the general rule is that, in absence of specific statute, injunction will not lie to abate acts constituting an offense against the criminal laws, yet, where the place or particular business is declared to be a public nuisance, by Pol. Code, Sec. 1546, Subd. 3, as amended by Laws 1907, Ch. 178, such a nuisance, notwithstanding such acts also violate the criminal laws, may be abated by injunction under Civ. Code, Sec. 2400, authorizing a civil action to abate such nuisance.

Appeal from Circuit Court, Charles Mix County.    Hon. ROBERT B. TRIPP, Judge.

Action by the state, on the relation of Ambrose B. Beck, against A. E. Bossingham, to abate a liquor nuisance. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

*John E. Tipton,* for Appellant.

*Ambrose B. Beck,* State's Attorney, for Respondent.

(1) Under point one of the opinion, Appellant cited: Pol.

Code, Secs. 942, 928, 98 Amer. & Eng. Ency. of Law, (2d Ed.) Vol. 3, p. 481.

Respondent cited:    Civ. Code, Secs. 2394, 2400, 2403; Pol. Code, Secs. 942, 943, 928, 98; Town of Britton v. Guy, 17 S. D. 588; City of Huron v. Bank of Volga, 8 S. D. 449, 66 N. W. 815; State v. Franklin, 133 Mo. 486, 113 S. W. 652; Augusta v. Reynolds, 122 Ga. 754, 69 L. R. A. 564, 50 S. E. 98; Hunt v. Chicago Horse & Dummy Railway Co., 131 Ill. 628, 13 N. E. 176; State ex rel. Detienne v. Vandalia, 119 Mo. App. 406, 94 S. W. 1009; State v. Bell, 5 Port (Ala.) 377; Hoole v. Attorney General, 22 Ala. 194; State ex rel. Warring v. Mobile, 24 Ala. 701; Western Railway Co. v. State of Alabama ex rel. Gardner, Attorney General, 46 Southern, 468, 19 L. R. A. (N. S.) 1173.

(2) Under point two of the opinion, Appellant cited:    Pol. Code, Sec. 1546; Laws 1907, Ch. 178; Civ. Code, Sec. 2400; High on Injunctions, Secs. 755, 521; Article 6, Chap. 27, Political Code 1903; Chap. 173, Laws 1907; State ex rel. West v. Journal Co., 105 Pac. 655; State ex rel. West. v. State Capital Co., 103 Pac. 1021; Carrell et al. v. State ex rel. Paul Little, 136 S. W. 174; State ex rel. Vance v. Crawford, 42 Am. Rep. 182; State v. Vaughn, 81 Ark. 301, 98 S. W. 685; Campbell v. Jackman Bros., 118 N. W. 755; Re Debs, 158 U. S. 564, 39 L. Ed. 1092.

Respondent cited:    Town of Britton v. Guy, 17 S. D. 588; City of Huron v. Bank of Volga, 8 S. D. 449, 66 N. W. 515; State of Missouri ex rel. Edward C. Crow v. Dennis Canty, 207 Mo. 439, 105 S. W. 1078, 15 L. R. A. (N. S.) 747, and cases cited; State ex rel. Sheets v. Hobart, 8 Ohio N. P. 246; Walker v. McNelly, 121 Ga. 114, 48 S. E. 718; People v. Truckee Lumber Co., 115 Cal. 397, 39 L. R. A. 581, 48 Pac. 374; Detroit Realty Co. v. David Oppenheim et al., 120 N. W. 804, 21 L. R. A. (N. S.) 585; 22 Cyc. pp. 902 and 903, note 37; Bohan v. Port Jarvis Gas Light Co. (N. Y.) 9 L. R. A. 711; Davidson v. Isham, 9 N. J. E. Q. 186; Wesson v. Washburn Iron Co., 13 Allen, 95; Valley Railway Co. v. Franz, 43 Ohio State, 623.

POLLEY, J.    This action was commenced by the state's attorney of Charles Mix county.    In the complaint he alleges that, for several years last past, defendant has been running a drug store in a certain building in Geddes, but that, in addition to the drug business, he has, during all of said time, been, indis-

criminately and without license, selling intoxicating liquors as a beverage; that he sold the same nights and 'Sundays and to persons known to be habitual drukards; and that he permitted said liquors to be drank on the premises where sold.    In his prayer for relief, plaintiff asked that defendant's business, so far as it relates to the sale of intoxicating liquors, be declared to be a public nuisance; that the same be abated; and that defendant be permanently enjoined from the continuation of said unlawful acts. 'Defendant demurred to said complaint on the ground that the same does not state facts sufficient to constitute a cause of action, and, from an order overruling said demurrer, he appeals.

[1] It is first contended by appellant that the state's attorney is not authorized by law to commence a civil action in the name of the state to abate a public nuisance.    Whether this contention is correct or not depends upon the construction to be put upon sections 928, 942, and 943, Pol. Code.    Under the provisions of section 2400, Civ. Code, a civil action may be maintained for the abatement of a public nuisance.    Town of Britton et al. v. Guy et ux., 17 S. D. 588, 97 N. W. 1045.    Sections 928 and 942, Pol. Code, read as follows:

Section 928: "It shall be the duty of the state's attorney to appear in the circuit court of his county, and prosecute and defend on behalf of the state or his county, all actions or proceedings, civil or criminal, in which the state or county is interested or a party; and whenever the venue is changed in any criminal case, or in any civil action or proceedings in which his county or the state is interested or a party, it shall be the duty of the state's attorney of the county where such indictment is found, or the county interested in such civil action or proceeding, to appear and prosecute such indictment, and to prosecute or defend such civil action or proceeding in the county to which the same may be charged."

Section 942: "Whenever, in the opinon of the state's attorney of any county in this state the commencement and prosecution of any action is necessary to protect the interests of such county in any matter  *  *  *  he may present to the judge of the circuit court  *  *  *  in which such county is situated a summons and complaint in such matter and ask leave of the judge to commence such action."

It will be noted that section 928 makes it the duty of the state's attorney to prosecute and defend on behalf of the *state* or *county* in all actions *civil* or *criminal,* in which the *state* or *county* is interested. No distinction is made as between actions on behalf of the state or county nor between civil and criminal actions. So long as the state or county is interested, it is his duty to prosecute or defend. Whether the prosecution should be in the name of the state or of the county would depend upon whether the county or the state was interested, or, to put it more correctly, whether the county or the state was more interested, because very many matters may arise in which both county and state are interested. But where the matter complained of constitutes a violation of the penal laws of the state, as is the case here, it would seem that the prosecution was properly brought in the name of the state.

[2] It is conceded that the summons and complaint in this action were presented to the circuit judge and his indorsement thereon procured as required by sections 942, 943, Pol. Code. But appellant contends that the acts complained of in this action constitute an offense against the criminal laws of the state, and that, in the absence of a specific statute, a court of equity will not abate the same by injunction. That this is the general rule will not be questioned, but it is equally true that, where a place or a particular business is declared to be a public nuisance, such nuisance may be abated by injunction, notwithstanding the fact that the acts or course of conduct which make such place of business a public nuisance are also in violation of the criminal laws of the state. By subdivision 3, § 1546, Pol. Code, as amended by chapter 178, Laws of 1907, appellant's place of business is declared to be a common nuisance; and by section 2400, Civ. Code, one of the remedies against nuisances is a civil action. In Town of Britton et al. v. Guy et ux., supra, an action brought by the municipality to restrain the illegal sale of intoxicating liquors, this court said:

"It is well settled that the restraint or abatement of public nuisances at the suit of municipal authorities is clearly within the jurisdiction of courts of equity."

See, also, J. P. Schaller Co. v. Canistota Grain Co., 32 S. D. 15, 141 N. W. 993.

We can see no reason why an action may not be maintained in the name of the state, and, as has already been said, such action may be prosecuted by the state's attorney of the county in which such nuisance is maintained.

This disposes of appellant's assignments, and the order appealed from is affirmed.