BLACK, Petitioner v. CIRCUIT COURT OF EIGHTH JUDICIAL CIRCUIT

(101 N.W.2d 520)

(File Nos. 9843-9846. Opinion filed March 10, 1960)

**Roswell Bottum,** Rapid City, for Petitioners.

**William H. Carnahan,** State's Atty., Lawrence County, Deadwood, for Respondents.

BIEGELMEIER, J.   The question presented for determination is whether SDC 37.48 requires a summons to be issued and served for the court to acquire jurisdiction to enjoin the nuisance described therein or if jurisdiction is obtained by the procedure followed by the plaintiff in the trial court. By SDC 37.4801 places maintained for the purposes of lewdness or prostitution are declared to be nuisances and shall be enjoined and abated as provided in that chapter.

SDC 37.4802 provides:

"Whenever a nuisance is kept, maintained, or exists, as defined herein, the state's attorney or any citizen of the county may maintain an action in equity in the name of the state, upon the relation of such state's attorney or citizen, perpetually to enjoin said nuisance * * *. In such action the Court, or a Judge in vacation, shall upon the presentation of a complaint alleging that the nuisance complained of exists, allow a temporary injunction without bond, if it shall be made to appear to the satisfaction of the Court or Judge by evidence in the form of affidavits, depositions, oral testimony, or otherwise, as the plaintiff may elect that such nuisance exists, unless the Court or Judge, by

previous order, shall have directed the form and manner in which it shall be presented. Three days notice in writing shall be given the defendant of the hearing of the application, and if then continued at his instance, the temporary injunction shall be granted as a matter of course. When an injunction has been granted, it shall be binding on the defendant throughout the judicial circuit in which it was issued, and any violation of such injunction shall be a contempt as hereinafter provided."

SDC 37.4803 provides:

"The action when brought shall be triable at the first term of Court after due and timely service of the notice has been given, and in such action evidence of the general reputation of the place shall be admissible for the purpose of proving the existence of such nuisance. * * *"

Assuming to proceed thereunder on October 15, 1959, the state's attorney of Lawrence County in the name of the state presented four verified complaints and applications for permanent injunctions to the circuit court of the county which, with annexed affidavits, particularly described the places claimed to be so used and in each case, facts sufficient to authorize the court to proceed under SDC 37.48. The complaints also requested temporary restraining orders and temporary injunctions after notice to the defendants of the hearing as provided by law. The circuit judge entered orders entitled "Order Setting Hearing on Application for Temporary Injunction", which after referring to the contents of the complaints and their prayers for permanent and temporary injunctions fixed a time for hearing on the complaints and applications for temporary injunctions and commanded the defendants to appear and show cause for the court at the courtroom why preliminary injunctions should not issue. The court also issued orders temporarily restraining defendants from committing the nuisances complained of and notifying them to show cause why temporary injunctions

should not be granted in accordance with the aforementioned order. The state's attorney also executed a "Notice of Application for Temporary Injunction" in each case addressed to the defendant giving notice that plaintiff would at the same time and place fixed in the court's order, move the court for the "temporary injunction" referred to in the complaint; the time set for these hearings was six days thereafter and all these papers were served on the defendants that day. No summons was issued or served.

At the hearing defendants made a special appearance, objected to the jurisdiction of the court and moved to quash the pretended service of the papers for the reason that no civil action was commenced or pending against them as no summons had been issued or served on them. The circuit court being of the opinion that this was a special statutory remedy and that the notices of hearing gave the defendants all the notice required by it, denied defendants' motion to quash, upheld the court's jurisdiction and issued temporary injunctions as prayed for against the defendants, copies of which were duly served on them by the sheriff.

■ Applications were made here for writs of certiorari on the claim that the circuit court had exceeded its jurisdiction. SDC 37.04. The writs were issued and the records are before us on the returns thereto. The parties are referred to as they appeared in the actions in the lower court. As the applications for certiorari were made on the affidavits of defendants' attorney, plaintiff makes some point that they do not conform to SDC 37.0402, which states that "The application must be made on affidavit by the party * * * interested * * *" and cites Ludlam v. Broderick, 15 N.J.L. 269. The court there held that where the statute directed a thing to be done "by the party" it could be done by his attorney under the familiar maxim qui facit per alium facit per se, unless from the nature of the thing to be done or the peculiar phraseology of the statute, it was manifest that the legislature intended the act be done in person. Cf. William Deering & Co. v. Warren, 1 S.D. 35, 44 N.W. 1068. We believe this section requires the application to be made

by the party beneficially interested, 14 C.J.S. Certiorari § 50, and on affidavit. This may be by the affidavit of the attorney who is conversant with the facts. See Drainage Dist. No.4 of Madison County v. Askew, 138 Tenn. 136, 196 S.W. 147.

■■ Bawdyhouses were public nuisances at common law. State ex rel. Wilcox v. Ryder, 126 Minn. 95, 147 N.W. 953, 5 A.L.R. 1449; State ex rel. Herigstad v. McCray, 48 N.D. 625, 186 N.W. 280, 22 A.L.R. 530; 66 C.J.S. Nuisances § 45; 17 Am.Jur., Disorderly Houses, § 5. At an early date equity assumed jurisdiction to enjoin and abate nuisances independently of statutes. State ex rel. Wilcox v. Ryder, supra; 27 C.J.S. Disorderly Houses § 18; 66 C.J.S. Nuisances § 110 b.

■ We now have two chapters that deal with nuisances under the title Judicial Remedies—SDC 37.47 and SDC 37.48. The first of these was formerly sections 2393-2404 of the Revised Code of 1903, and later became sections 2066-2077 of the 1919 Code. This court had occasion to consider these sections in Town of Britton v. Guy, 17 S.D. 588, 97 N.W. 1045; State ex rel. Beck v. Bossingham, 35 S.D. 355, 152 N.W. 285 and State ex rel. Haugan v. Denis, 40 S.D. 219, 167 N.W. 151. SDC 37.48 is substantially Ch. 123, Laws of 1913. A review of its inception and history is set out in State ex rel. Kern v. Emerson, 1916, 90 Wash 565, 155 P. 579, L.R.A.1916F, 325 and Williams v. State ex rel. McNulty, 1920, 150 Ga. 480, 104 S.E. 408. The Williams' opinion lists 38 states that had adopted statutes modeled upon an Iowa law and declares that the statutes of the several states did not then materially differ one from the other. Our search has confirmed this except there were some procedural differences then and the statutes originally adopted have been amended in many states. Most of the amendments have clarified procedural matters. Ours remains the same.

Minnesota's act, (General Statutes 1913, §§ 8717-8725, now M.S.A. 617.33-617.41) inserts words in our SDC 37.4802 supra, as follows: "The defendants shall be served therein as in other actions, * * *" and after the three days notice in writing provision states "Each defendant so notified shall

serve upon the complainant or his attorney a verified answer on or before the date fixed in the notice for the hearing, and such answer shall be filed with the clerk * * * but the court may allow additional time for so answering * * *". Commenting on this act in State v. Stroup, 131 Minn. 308, 155 N.W. 90, 91, the court said: "The act in question is crudely drawn, and puts the prosecuting officers and the trial courts to labor which might have been avoided, * * *". In a much cited case it upheld the constitutionality of the act. State ex rel. Willcox v. Ryder, supra. See also 5 A.L.R. 1449 and People ex rel. Lemon v. Elmore, 256 N.Y. 489, 177 N.E. 14, 75 A.L.R. 1292. In none of the cases we have read except the Alabama case hereafter noted, does it appear that jurisdiction by service of the notice alone was approved.

Alabama has a similar statute providing that whenever the nuisance exists, any person "may bring an action in equity", Code 1940, Tit. 7, § 1093, for the issuance of a restraining order and temporary injunction, that a copy of the complaint together with a five-day notice of the time and place of hearing on the temporary injunction be served and the respondent file an answer on or before that date. In Ex parte O'Barr, 247 Ala. 135, 22 So.2d 912, 913, on April 20, 1945, petitioner was served with a notice to appear May 23, 1945 to show cause why the temporary writ should not be made permanent; on May 14, 1945, the court entered a decree permanently padlocking the property. She made application for a writ of mandamus to the Supreme Court which said: "There is no doubt petitoner was brought within the jurisdiction of the court by the service on her of the notice * *". The court then went on to say that she had 30 days after this to demur, plead or answer under their Equity Rule 17, Code 1940, Tit. 7 Appendix, that the entry of the decree on May 14, 24 days after service of the notice, was premature but irregular only and denied mandamus. The Alabama equity rules provided that upon filing of the bill of complaint a summons shall issue requiring defendants to demur, plead to or answer within 30 days from such service, Rule 4; that a defendant must demur, plead or answer within 30 days after receipt of the summons, Rule

17. The opinion does not refer to service of a summons but only to service of the notice and apparently grants the 30-day period to plead to the notice as if it were a summons. Thus it appears that the court gave effect to a general equity rule of practice in the injunction suit.

SDC 33.0803 in part provides: "Civil actions * * * shall be commenced by the service of a summons * * *". It must be subscribed that the plaintiff or his attorney and defendant is given 30 days to serve a copy of his answer thereto. According to SDC 33.0202 an action is commenced when the summons is served on the defendant, or delivered to a sheriff with intent that it shall be served, followed by service thereof within 60 days.

■ Defendants' counsel strenuously contends that there is no definite time within which complaint of plaintiff is to be answered, that the nuisance statutes fix no time and inquires whether it is to be within the three-day time set in the notice, within thirty days provided by Supreme Court Rule 84, (SDC 33.0803) or at the first term of court after the notice. SDC 37.4803. As indicated above, Minnesota in its act has provided the time for answering; Alabama (Sec. 1099, Title 7, 1940 Code) and other states have done likewise; our act has no such direction. It is our duty to construe statutes so as to make them harmonious and workable. In Tabour Realty Co. v. Nelson, 56 S.D. 405, 228 N.W. 807, this court construed section 2264 of the 1919 Code as a rule of general application in fixing the commencement of actions and not only for the purpose of the statute of limitations. In Taylor v. McCarty, 68 S.D. 510, 4 N.W.2d 816, the court wrote that this interpretation had been adopted by the legislature through enactment of it as SDC 33.0202 in the 1939 Code. The New York Court of Appeals in Julius Restaurant, Inc. v. Lombardi, 282 N.Y. 126, 25 N.E.2d 874, 876, had before it proceedings for an injunction to restrain the wrongful use of the plaintiff's name in a competing business under McKinney's Consol.Laws, Penal Law, c. 40, § 964, which authorized the court upon notice of five days to restrain such act, the relief to be granted when an application was

filed. That court in determining that this was a special proceeding of a summary nature not requiring a summons or complaint made reference to the exact distinction we have here, saying: "If the Legislature had intended restricting a proceeding brought pursuant to section 964 of the Penal Law, to the relief heretofore available (as in ordinary actions), the language would have referred to 'an action' or similar language, and not to the making of an application for the desired relief". Our SDC 37.4802 refers to "an action in equity ".

In Smith v. Housing Authority of City of Daytona Beach, 148 Fla. 195, 3 So.2d 880, 881, an injunction issued against a tax official on two days notice; the court reversed this saying: "There can be no doubt that under controlling law a temporary injunction can be obtained upon mere notice * * *. There having been no issuance or service of summons, of course no appearance day and time for filing the answer were fixed." Cf. Allman v. United Brotherhood, 79 N.J.Eq. 150, 81 A. 116; Hermann v. Mexican Petroleum Corp., 85 N.J.Eq. 367, 96 A. 492; In re Sharp, 87 Kan. 504, 124 P. 532, Ann.Cas.1913E 460; Key v. State ex rel. Hodge, 101 Okl. 211, 224 P. 549; Wilder v. State ex rel. Seaver, 27 Okl. Cr. 53, 225 P. 557.

It is our conclusion that when the legislature stated that the state's attorney "may maintain an action in equity" in SDC 37.4802, it meant a civil action as those words are used in SDC 33.0803. That section requires that civil actions in circuit court shall be commenced by the service of a summons and as no summons was issued or served with the papers in the circuit court action here under consideration that court had no jurisdiction to enter the "Order Granting Temporary Injunction" or "Writ of Temporary Injunction" dated October 23, 1959 and they are therefore annulled and vacated. From this it also follows the temporary restraining orders dated October 15, 1959 must be, and are, annulled and vacated.

All the Judges concur.